HENRY LEDBETTER v. THE STATE.

*No. 282.   Decided May 26.*

1.  **Rape—Charge—Penetration.**—On a trial for rape, where the evidence, and particularly that of defendant himself, shows that the act of carnal intercourse was fully accomplished, an error in the charge of the court in defining "penetration" was harmless, and could not possibly have injured the defendant.

2.  **Same—Fraud—Stratagem—Prosecutrix Believing Defendant to be Her Husband—Charge.**—On a trial for rape, under provisions of article 531 of the Penal Code, wherein a rape by "fraud" is declared to "consist in the use of some stratagem by which the woman is induced to believe that the offender is her husband," and

When I got to the stove I stumbled over some wood, and she just behind me stumbled over the same. I said, 'God Almighty,' or something to that effect. She said, 'What was that?' and I said, 'Stovewood.' I got me a drink of water and was standing on the ground outside. She had drank, and was standing on the step with her hand on my shoulder, and all at once she began to scream and grabbed the water bucket and threw it at me. I went on off. I thought I would go down to Freeman's and go to bed. My head was aching very badly. From that time I did not remember anything else. I remember stepping off a high bank twice, and I seemed to come to myself long enough to know I was in the creek. I did not know anything else until I was in the jail at Fredericksburg; then it was a week or two before I got all right. I am subject to bad spells of sick headache, and during the time I don't know anything. It feels like my head will burst. At the time that Mrs. Womack staid with us, while me and ma was living on the Dabney place, one evening in the cowpen, in ma's presence, I pulled down Mrs. Womack's sleeve for her; and after that one evening we milked, and Mrs. Womack said, 'Let's leave the calves to suck until after supper;' then I could turn them out. I told her all right, if she would come with me. She said, 'All right.' And at the cowpen, when we had turned them out, I said to her, 'Do you know I like to have bit your arm when I pulled your sleeve down?' She told me I ought not to do that way. That night, the 17th of April, 1893, was not the first time I had carnal knowledge of Mrs. M. E. Womack. I had often had sexual intercourse with her before that night. I had it with her that night by her consent, and she knew who I was at the time."

Cross-examined: "My head was hurting me, was the reason I told her I was dying for water. I knew what I was doing at the time I crawled in bed and had sexual intercourse with Mrs. Womack, the night of April 17, 1893; also when I left there. I was in bed with her twenty-five minutes, and we talked about Grandpa Young; also about the time of night. I had had intercourse with her in this same house. I had sexual intercourse with her whenever there was an opportunity. I had heard no noise of any kind about the place that night, except ma coughed one time when I first got in the house, but she often coughed in her sleep. I heard no noise after I stumbled over the wood. In my voluntary statement at examining trial, nor before the grand jury, I did not tell all I have said here. They did not give me time before the grand jury."

No briefs with the record.

HURT, PRESIDING JUDGE.—Conviction for rape upon Mrs. Womack, a married woman. The indictment alleged that the rape was

effected by force, threats, and fraud. The State relied upon fraud alone, namely, that appellant used stratagem, by which he induced Mrs. Womack to believe that he was her husband. Penal Code, art. 531. If Mrs. Womack is worthy of credence, this fact was most clearly established. There is nothing in this record, save the testimony of appellant, who was a witness, impeaching her testimony.

The court erred in defining "penetration." This may be conceded. There was no objection to this error, nor instructions requested concerning the same. Was it calculated to injure the appellant? Most evidently it was not, for Mrs. Womack not only swears positively to this effect, but appellant is equally as positive that he had carnal knowledge of her to the fullest extent.

The charge of the court does not require the jury to believe that appellant had carnal knowledge of the prosecutrix with her consent, and knowledge that he was not her husband, in order to acquit. Upon this subject the charge, based upon defendant's evidence alone, is: "If you believe defendant obtained carnal knowledge of said Mrs. Womack, she knowing at the time who he was, and consenting to such carnal knowledge, or if you have a reasonable doubt as to this, you should give him the benefit of such doubt, and acquit him, and say, by your verdict, 'Not guilty.'" By this charge the jury were instructed to acquit if they believed from the evidence that Mrs. Womack consented, knowing that it was appellant; to acquit if there was a reasonable doubt as to these facts.

The evidence amply supports the verdict in every particular. There is a direct conflict in the testimony of the prosecutrix and that of defendant. The jury settled the conflict against appellant, and we think correctly, when we look to other circumstances, which were very suspicious indeed.

The judgment is affirmed.

*Affirmed.*

Judges all present and concurring.