ALVIN DAVIS v. THE STATE.

No. 1057.   Decided March 22, 1911.

1.—Receiving and Concealing Stolen Property—Charge of Court—Principals— Accomplice.

Where defendant was indicted and convicted as a principal of receiving and concealing stolen property, and the evidence showed that if he was guilty at all it was as an accomplice, and the court charged the jury on the question of principals in the usual form that the defendant must be personally present,

etc., at the time of the commission of the offense, the same was reversible error, as the defendant could not be convicted as a principal.

**2.—Same—Principals—Accomplice—Innocent Agent.**

Under article 77 of the Penal Code, where an offense is committed by the innocent agency of another party through the criminal acts of the defendant, this would make defendant a principal in the offense of concealment in the county of the prosecution although he was not personally present; but the court not having submitted this phase of the law but tried the case on the theory of the defendant's personal presence and participation in the concealment, the conviction could not be sustained.

**3.—Same—Circumstantial Evidence—Isolated Circumstances.**

Upon trial of receiving and concealing stolen property, there was no error in admitting testimony of isolated circumstances which were links in the chain of circumstantial evidence.

**4.—Same—Evidence—Books—Best Evidence.**

A witness should not be permitted to testify what his books show, without personal knowledge. The books are the best evidence.

Appeal from the District Court of Taylor. Tried below before the Hon. Thos. L. Blanton.

Appeal from a conviction of receiving and concealing stolen cattle; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*Woodruff & Woodruff*, for appellant.—On the question of the insufficiency of the evidence: Moseley v. State, 36 Texas Crim. Rep., 578; Willis v. State, 15 Texas Crim App., 118; Buntain v. State, id., 490; Hardin v. State, 13 Texas Crim. App., 192.

*C. E. Lane*, Assistant Attorney-General, for the State.

HARPER, JUDGE.—Appellant was convicted in the District Court of Taylor County, Texas, of the offense of receiving and concealing stolen property. The indictment had two counts, one charging theft, and the other receiving and concealing stolen property.

The facts in this case, from the State's viewpoint, and which the jury must have believed to have convicted defendant, show that on Saturday night, June 19th, defendant, Barron Goode, L. J. Polk and John Pursley spent the night together at defendant's home in Fisher County, Texas; that on Sunday morning they separated, defendant and Pursley going towards Sylvester, while Polk and Goode went in the direction of the Hambright pasture, from which the cattle are alleged to have been stolen. That afternoon Goode and Polk, so a witness states, were seen driving a bunch of cattle from the direction of the Hambright pasture in the direction of defendant's pasture traveling in the edge of the bottom of the clear fork of the Brazos river. Defendant is not shown to have been at home any more that day, but he telephoned to the agent at Trent, in Taylor County, that he desired a car to ship some cattle to Fort Worth. He employed Pursley to drive a

carload of cattle to Trent and load them on the car. Pursley got Polk to assist him. All this occurred in Fisher County, and defendant's pasture is situate in Fisher County. About dark Pursley and Polk go to defendant's pasture, gather the cattle and start with them to Trent. They traveled all night and got to Trent next day about noon, loaded the cattle, and shipped them to Fort Worth in defendant's name, Polk going with them. Defendant is not shown to have been in Taylor County, but these men are obeying his instructions in their acts in driving the cattle into Taylor County and loading them on the cars. Defendant and Barron Goode are shown to have taken the train on Monday and gone to Sweetwater, and from there to Fort Worth. The cattle were shipped to a commission company, and defendant, Goode and Polk were in Fort Worth when they were received and sold. Goode and Polk were with Davis when he received the money for the cattle in Fort Worth. A portion of the cattle were sold to Kerr & Ryan. Kerr & Ryan about that time sold cattle to J. C. Butler, of Kiowa County, Oklahoma, and among the cattle Butler had in his pasture in Oklahoma were three of the cattle stolen from the Hambright pasture in Fisher County, Texas. This is about the State's case.

1. The court submitted the case on both counts in the indictment. The jury found the defendant guilty under the second count—receiving and concealing the property in Taylor County—which in effect acquitted him of the offense of theft of the cattle. If the cattle taken out of defendant's pasture Sunday evening, June 20th, by Pursley and Polk, are the stolen cattle, then defendant received them in Fisher County, and not in Taylor County, and this brings us to the one question: Did defendant conceal the property in Taylor County? In the case of Polk v. State, 60 Texas Crim. Rep., 150, 131 S. W. Rep., 580, this court holds:

"The word 'conceal' is not to be given the literal construction of hiding, but the handling of property in a manner that would throw the owners off their guard in their search and investigation for the same. If defendant (Polk) brought or assisted in bringing the cattle into Taylor County, and there had them shipped to Fort Worth under the name of Davis, this, in contemplation of the law, would be concealing the property in Taylor County, and therefore Taylor County would have jurisdiction. We would suggest to the trial court in this case that, in charging the jury, he draw the distinction between receiving and concealing the property, and that he should state to the jury in his charge that if defendant received the property in Fisher County, and brought it into Taylor County, Taylor County would not have jurisdiction. If, however, he received the property in Fisher County and brought it into Taylor County, and there concealed it or handled it·in such manner as might confuse the owners in their investigation of the whereabouts of their property, then and in that case Taylor County would have jurisdiction."

As the cattle were driven by Pursley and Polk, and loaded on the car

by them, under this decision they would be the persons who "concealed" the property in Taylor County. However, if the State's theory is correct, do the acts of Davis make him a principal in the concealment, or do they make him merely an accomplice, if guilty of any offense? If the facts show defendant to have been a principal in the concealment of the property in Taylor County, then the venue was properly laid in that county, even though the theft was committed in Fisher County, and the property received in that county. If the facts show that defendant was an accomplice in the concealment, then he could not be convicted under this indictment, for our court holds that while the accomplice is guilty of the same offense as the principal, yet it is well settled that to convict one as an accomplice he must be indicted as such. Rix v. State, 33 Texas Crim. Rep., 353, and authorities there cited.

Articles 75, 76, 77 and 78 of the Penal Code define who are principals in cases of the grade of felony, and under these articles it has been held that all persons who are present and participate by acts, or encourage by words or gestures in the commission of the offense, are principals, although the act which directly accomplished the crime was the act alone of some one of the party. Medders v. State, 54 Texas Crim. Rep., 494. In Criner v. State, 41 Texas Crim. Rep., 290, it is said: "It takes something more than the mere concurrence in the minds of the parties, in the pursuance of a previously formed design to commit the act of theft, to constitute them principals. The statute requires either their presence and participancy, or if the parties were not actually present, then those not actually present must be doing some act in furtherance of the common design, or they must be engaged in means of some kind to assist in the commission of the offense, while the others are executing the unlawful act." The holding in this case is approved in McAlister v. State, 45 Texas Crim. Rep., 258. The charge given in this case by the court seems to recognize the rule in these cases as above applicable to this case, for he defines principals:

"All persons are principals who are guilty of acting together in the commission of an offense. When an offense is actually committed by one or more persons, but others are present and, knowing the unlawful intent, aid by acts, or encourage by words or gestures, those actually engaged in the commission of the unlawful act, such persons so aiding and encouraging are principal offenders, and may be prosecuted as such. Any person who advises or agrees to the commission of an offense, and who is present when the same is committed, is a principal thereto, whether he aids or not in the alleged act."

The evidence does not show that defendant was present at the time of the commission of the offense of "concealment" in Taylor County; and the court in his charge does not present any theory upon which defendant could be adjudged a principal unless he was personally present. Inasmuch as this case must be reversed, there is a theory upon which the defendant could be held as a principal, if the facts justify the presentation of it on another trial, even though he was not personally

present. Under article 77 of the Penal Code, if the jury should believe that the cattle taken out of the Davis pasture on Sunday evening were the stolen cattle, and that John Pursley, not knowing they were stolen, was employed by defendant to drive the cattle to Trent and there conceal them by shipping them, etc., and he was an innocent party in all the transactions, then in that event the law would make defendant a principal in the offense of concealment, and Taylor County would have jurisdiction. And defendant might be a principal in all the acts of each of the parties if the jury, under the facts and circumstances in evidence, should believe that the original taking was in accordance with a preconceived plan formed by defendant, Goode, Polk and Pursley, to take the cattle, carry them to the Davis pasture, and that Polk and Pursley were to drive them to Trent and load them, and defendant and Goode were to go to Fort Worth and receive the money when they were sold by the commission company. But if the cattle were stolen by any person other than defendant, and he had no connection with the original taking, but received the cattle in Fisher County, knowing they were stolen cattle, and he employed Pursley and Polk to drive them to Trent in Taylor County and ship them in his name to a commission company at Fort Worth, and the witnesses Pursley and Polk, knowing the cattle were stolen cattle at the time they took them out of the Davis pasture, as agents of defendant willingly undertook the contract to drive them to Trent, in Taylor County, and ship them, they would be the principals in the offense, and defendant by his acts would be merely an accomplice, if anything. In West v. State, 28 Texas Crim. App., 4, it is said: "Now, 'an accomplice' is defined by our statute to be one who is not present at the commission of the offense, but who before the act is done advises, commands or encourages another to commit the offense. It is some other party, and not the accomplice, who commits the offense. The acts constituting an accomplice are auxiliary only, all of which may be and are performed by him anterior and as inducements to the crime about to be committed." Penal Code, article 79. None of the theories which in law, under the facts of this case, would constitute the defendant a principal, were submitted to the jury. The only theory submitted was his personal presence and participation in the concealment. The evidence does not sustain a verdict finding him guilty as a principal under this charge. He was not present at the loading of the cattle at Trent under the testimony shown in the transcript.

We have written at length so that on another trial the law of principals might be submitted as applicable to the facts proven. If the facts do not show him to be a principal in accordance with a previously conceived plan agreed to by the participants, or that the person driving the cattle was an innocent agent of defendant, he can not be convicted of concealing the property in Taylor County, unless, in fact, *in person,* he did aid in the act of concealment in Taylor County.

2. This is a case of circumstantial evidence, and we do not think

the court erred in admitting testimony of isolated circumstances, all links in the chain sought to be established. The court did not err in admitting evidence of the taking of the bull, as he was shown to have been placed in charge of Mr. Sorrelle by the commissioner. However, a witness should not be permitted to testify what his books show, without a personal knowledge of the transaction. The books would be the best evidence.

As the evidence does not show that defendant did in person any act in Taylor County, and the charge of the court only submitted that theory of principals to the jury, the judgment is reversed and the cause is remanded.

*Reversed and remanded.*