## J. N. SIMPSON v. THE STATE.

### No. 4478. Decided May 30, 1917.

### Rehearing denied June 29, 1917.

### 1.—Theft of Cattle—Reasonable Doubt—Charge of Court.

Where, upon trial of theft of cattle, the defendant contended that the court's charge submitting his defenses and the converse of the State's case did not give him the benefit of the law of reasonable doubt, but no special charge was requested and the court's charge did conclude with the instruction to the jury to give the defendant the benefit of the reasonable doubt as to each of the matters referred to in the court's charge, it was sufficient; besides, the court submitted a general charge on reasonable doubt. Following Rice v. State, 49 Texas Crim. Rep., 582, and other cases.

### 2.—Same—Other Offenses—Evidence—Rule Stated—Intent.

The general rule that evidence of other offenses is not admissible is modified by exceptions which are well defined, one of which is that where intent of the party charged is an issue, other similar offenses committed about the same time may become admissible upon that issue.

### 3.—Same—Case Stated—Intent—Other Offenses—Evidence.

Where, upon trial of theft of cattle, defendant testified declaring that in his dealing with the animal in question, he had no knowledge of the theft, but there was testimony of a companion in crime that he and defendant were partners in the business of stealing and butchering cattle, etc., and the defendant admitted that he helped slaughter and butcher the animal in question, and the sale of the hide and meat and his connection with other similar transactions, there was no error in introducing testimony that the cattle involved in the other offenses were stolen by the witness and defendant, and were dealt with in a similar manner, and this although defendant was not present at the time of the actual taking of the animal alleged to have been stolen. Following Mason v. State, 31 Texas Crim. Rep., 311, and other cases.

### 4.—Accomplice—Principal—Charge of Court—Conspiracy.

Where, upon trial of theft of cattle, the defendant's companion in crime testified for the State that they were in partnership in stealing cattle, butchering them at night, selling the hides and meat, and dividing the profits thereof, and defendant denied that he had any knowledge that the alleged animal was stolen, but admitted his connection with it at the time it was slaughtered, etc., they would both be principals under the law of conspiracy, and each responsible for the acts of the other, and there was no reversible error in the court's failure to charge on the law of accomplice. Following Smith v. State, 21 Texas Crim. App., 107, and other cases.

**5.—Same—Principals—Charge of 'Court—Conspiracy.**

Where, upon trial of theft of cattle, the testimony of defendant's companion in crime showed a conspiracy between them to steal and slaughter cattle, dispose of the products and divide the profits, they were both principals; and the court submitting in his charge this principle of the law, although in a rather meager way, such charge was sufficient and there was no reversible error. Following Davis v. State, 61 Texas Crim. Rep., 611.

**6.—Same—Announcement—Withdrawal of Announcement—Practice in District Court—Surprise.**

Where the defendant claimed surprise and asked a withdrawal of his announcement of ready for trial and a continuance, in order that he might obtain a pardon for a witness whose testimony was excluded on the ground that he was a convict, and it appeared that said witness had been released from the penitentiary for some years of time, and the testimony was of an impeaching character, and not essential to a fair . trial, there was no error in refusing the application.

**7.—Same—Other Offenses—Evidence—Intent—System.**

Where, upon trial of theft of cattle, the evidence raised the issue as to the intent of the defendant, who denied that he had any knowledge that the alleged stolen animal was stolen, but the testimony showed a conspiracy between him and the State's witness to steal cattle, slaughter them, and dispose of ·the product and divide the profits, there was no error in admitting testimony of said other thefts of cattle which disclosed the system of conduct and tended to solve the issue of intent. Following Petty v. State, 59 Texas Crim., Rep., 586.

**8.—Same—Typographical Error—Words and Phrases.**

While the words used in the original opinion were "specially prepared charge" when it should have been "carefully prepared charge" this had no important bearing.

**9.—Same—Accomplice—Principal—Charge of Court—Conspiracy—Rule Stated.**

If it be proved that the defendants by their acts pursued the same object, often by the same means, one performing one part and another another part of the same, so as to complete with a view to the attainment of the same object, the jury will be justified in the conclusion that they were engaged in a conspiracy to effect that object, and all are principal offenders whether present bodily at the place of the offense or not, and the court should submit a charge on principals and not on accomplices. Following Berry v. State, 4 Texas Crim. App., 492, and other cases.

Appeal from the District Court of Jefferson. Tried below before the Hon. W. H. Davidson.

Appeal from a conviction of theft of cattle; penalty, three years confinement in the State penitentiary.

The opinion states the case.

*F. G. Vaughn* and *C. W. Howth,* for appellant.—On question of other offenses: Gilbraith v. State, 41 Texas, 567; Buck v. State, 47 Texas Crim. Rep., 319; Lee v. State, 45 id., 51; Bryan v. State, 49 id., 200; Grant v. State, 42 id., 275; Bink v. State, 48 id., 598; Clark v. State, 59 id., 246; Bowman v. State, 70 Texas Crim. Rep., 22, 155 S. W. Rep., 939.

On question of principal and accomplice: Mitchell v. State, 44 Texas Crim. Rep., 229.

*E. B. Hendricks,* Assistant Attorney General, for the State.

MORROW, Judge.—Appellant's conviction was for cattle theft, and his punishment was fixed at three years confinement in the penitentiary.

The evidence shows that the owner of the calf in question turned it out of a barnyard at night and the next day its hide and a part of the meat were sold by appellant. The State's theory and testimony was to the effect that the appellant stole the calf and brought it to the residence of P. J. Hoffman, and that he and Hoffman killed, skinned and butchered it. Appellant's theory and testimony was that he was an employe of Hoffman, who was in the butchering business; that he boarded at Hoffman's house, and that Hoffman brought the calf to his own premises, and that appellant assisted in butchering it without any knowledge of its having been stolen, and that he sold the hide and the meat in the course of his employment as a servant of Hoffman. That he thought that Hoffman was having butchering done at night in violation of the city ordinance, but that he did not know that Hoffman was violating any other law. Hoffman was used as a State's witness apparently under an understanding that he would not be punished for the theft. He testified in effect that he and appellant were partners in the occupation of stealing and butchering cattle, and that their method was to steal and butcher them at night and sell the hides and meat, this being done some times by one and sometimes by the other. He testified that the particular animal in question was stolen by appellant and brought to his, Hoffman's, house and butchered by them both. He also testified to a number of thefts of cattle dealt with in a similar manner. There was also testimony of the sale of hides on various occasions by the appellant. Mrs. Hoffman testified that her husband was at home on the night that this animal was stolen and that she did not go out, but late in the night heard appellant call her husband to come and help him butcher the animal. There was some evidence that appellant claimed to have had a bill of sale to the animal gotten from a negro, and Hoffman testified that this bill of sale was written by appellant, and that the story of the purchase from the negro was fabricated. There was some testimony that appellant sought to bribe a witness to swear to facts which would corroborate the theory that he had purchased the animal from the negro. All of this was denied by appellant.

The court charged the jury on theft and the converse, and submitted appellant's defenses, and in doing so used, substantially, the following language: "If you believe the said animal was stolen from Mrs. J. A. Godwin, yet if you believe that some other person than the defendant committed such theft and that the defendant did not participate therein, and did not by word or by act give aid or encouragement in the commission of such theft, if such theft was committed; or if you shall believe that the said one head of cattle was stolen whether or not he was employed by P. J. Hoffman, yet if you believe the defendant did

not know that the said animal was stolen, then in either of the above events the defendant would not be guilty of any offense, and if you shall so find, or if you have a reasonable doubt thereof, you will acquit him." The court also instructed that a conviction could not be had on the testimony of Hoffman without sufficient corroboration. The court also gave a charge that if appellant made an explanation of his possession of the animal which was reasonable they would acquit, unless it was disproved; and instructed that the proof of other offenses was limited to the "intent with which, or the manner or system in which the defendant acted with respect to the property for the theft of which he is now on trial, or as bearing upon, if in your mind it does bear upon the credibility of the defendant as a witness." Also submitted the law of suspended sentence.

The appellant contends that the court's charge above quoted submitting his defenses and that submitting the converse of the State's case did not give him the benefit of the law of reasonable doubt. It is possible that this matter might have been expressed in clearer terms. However, no special charge embodying the matter in different language was presented, and the charge did conclude with instructions to give the defendant the benefit of the reasonable doubt as to each of the matters referred to in the charge. And this under the circumstances has been held sufficient in the cases of Rice v. State, 49 Texas Crim. Rep., 582; Adams v. State, 48 Texas Crim. Rep., 456; Scott v. State, 46 Texas Crim. Rep., 539. The court also in another paragraph instructed the jury that appellant was presumed to be innocent until his guilt was established by legal evidence beyond a reasonable doubt, and that in case they had a reasonable doubt of his guilt to acquit him.

The error is assigned on account of the admission by the court of evidence of other offenses, and also of failure of the court to submit to the jury the question as to whether the appellant was an accomplice and to direct his acquittal in the event they found him to be an accomplice. The evidence of other offenses complained of were thefts of cattle on several occasions between March 20, 1916, and July 4, 1916. The evidence of these offenses came from the accomplice, Hoffman, and was to the effect that he and appellant were engaged in the occupation of stealing cattle and butchering them and that the cattle involved in the other offenses were stolen by the witness and appellant, both participating in the taking, and that they were dealt with in a manner similar to that in which the calf upon the theft of which the indictment was founded was handled. The general rule that evidence of other offenses is not admissible is modified by exceptions that are well defined in our decisions. One of these exceptions is that where the intent of the party charged is an issue, other similar offenses committed about the same time may become admissible upon that issue. In this case appellant's intent becomes an issue from his testimony declaring that in his dealing with the animal in question he had no knowledge that it was stolen and was but an innocent agent of Hoffman.

He admits his connection with it at the time it was slaughtered and his participation in the sale of the hide and the meat and also in the participation of other similar transactions, maintaining throughout his contention of innocence of knowledge that the cattle with which he was dealing were stolen. The testimony of Hoffman was to the effect that appellant was cognizant of the theft of the animal in question and in fact was the actual taker of it and that in dealing with it it was but one of a series of thefts conducted in the same manner and upon the same plan by virtue of a conspiracy to which appellant was a party. From this testimony the inference could be reasonably drawn that there existed an understanding between the appellant and Hoffman that the method by which they would pursue the occupation in which they were engaged would be for one or the other, or both, to steal cattle at night and butcher them at night, sell the hides and the meat and divide the proceeds of such sales. Where the evidence raises such an issue and there is evidence that at the actual taking of the animal the appellant was not present, other transactions of a similar nature may be proved to establish a system or course of dealing the effect of which would be to make the parties thus acting together principals in the commission of the offense.

Among the cases illustrating the rule prevailing in this State upon this subject is that of Mason v. State, 31 Texas Crim. Rep., 311, from which we take the following quotation:

"Again, it is well settled that where it is proved that the persons charged by their act pursue the same object or purpose, one performing one part and another some other part of the same, so as to complete it with a view to the attainment of the same object, the jury will be justified in the conclusion that they were engaged in a conspiracy to effect that object; and under our statute such acting together would make all principal offenders, whether bodily present or not at the place of the offense. And they are all principal offenders when acting and together, as long as any portion of the object of the common design remains incomplete; in other words, until the full purpose and object of the conspiracy is consummated and accomplished. Smith's case, 21 Texas Crim. App., 108; Willey v. State, 22 Texas Crim. App., 408; Miller v. State, 23 Texas Crim. App., 38; Collins v. State, 24 Texas Crim. App., 141; McFadden v. State, 28 Texas Crim. App., 241."

Under these authorities we think the court did not err in permitting the State to introduce evidence of other thefts. The acts which make one an accomplice are performed before the crime is committed. (P. C., art. 79.) We fail to find that in the record which requires the submission of that issue. There was evidence that he took the animal. If he did so, he was not an accomplice. There was evidence that he was not present when the animal was taken but took part only in killing, butchering and selling. These were acts done after the actual taking and would not make him an accomplice. He claimed that his connection with the matter was that of an innocent employe or agent

of Hoffman. This was passed on by the jury against appellant in response to a prepared charge. If he and Hoffman were members of a conspiracy the object and design of which was not completed till the cattle they were engaged in stealing were killed, butchered and the hides and meat sold, and in furtherance of this design in which both performed separate parts to the common deed, they would both be principals and each responsible for the acts of the other in furtherance of its purpose until it was consummated. Vernon's Penal Code, art 74, and cases cited note 1, p. 37; Smith v. State, 21 Texas Crim. App., 108, and other cases above mentioned. Davis v. State, 61 Texas Crim. Rep., 611. This principle was submitted to the jury in rather a meager way but was sufficient in the absence of a request for a more specific application of the law of principals.

An exception was reserved to the refusal of the court to permit the appellant to withdraw his announcement of ready for trial and continue the case in order that he might obtain a pardon for a witness whose testimony was excluded on the ground that he was a convict. The allegation in the motion is that appellant was surprised at the knowledge or information that the witness was a convict. It seems that the witness had been convicted of a felony and released from the penitentiary some fifteen years before the trial. Article 616, C. C. P., authorizes a withdrawal of announcement, "when it is made to appear to the satisfaction of the court that by some unexpected occurrence since the trial commenced, which no reasonable diligence could have anticipated, the applicant is so taken by surprise that a fair trial can not be had." We could hardly say that the court was in error in holding that the appellant did not show such a condition as made it incumbent upon the court under this provision of the code to grant the withdrawal on the ground of surprise (Hipple v. State, 191 S. W. Rep., 155), nor do we think that the testimony of this witness was essential to a fair trial. Its purpose was to discredit Hoffman and his wife. When his testimony given in the presence of the court and in the absence of the jury is examined, its effecting this purpose is made doubtful. It was not possible for the appellant to show that a pardon would be issued to the witness so as to make his testimony available by a continuance of the case. More than ten days elapsed between the time of the trial and the judgment on motion for new trial. It was not then shown that any pardon had been obtained.

Without discussing the other bills and assignments, we have carefully examined and considered them all and find in them no reversible error, and our conclusion is that the judgment of the lower court should be affirmed, and it is so ordered.

*Affirmed.*

ON REHEARING.

June 29, 1917.

MORROW, JUDGE.—In quite an able brief and argument appellant, through his counsel, attacks the conclusion reached in the original opinion, that the trial court did not err in admitting the evidence of other offenses therein described; and in the course of the discussion, reference to many cases in which this court has decided that under the particular facts involved proof of other offenses was not admissible, and in which the principles upon which they are admitted are excluded in the given case, are laid down. Quoting from one of these, Bink v. State, 58 Texas Crim. Rep., 598, 89 S. W. Rep., 1076, we take the following: "While proof of extraneous crimes can be made to establish system or intent, still, before such crimes can be admitted there must be some dispute as to the identity of appellant, or the system, or some controversy as to his intent." In this, as in many cases, the difficulty is not in the ascertainment of the rule, but its application. If, in this case, there was an issue or controversy as to the intent of the appellant, and the other offenses, by disclosing a system of conduct, tending to solve the controversy, they were within the rule admitting such evidence. That appellant assisted in butchering the animal in question at night-time; took part in the disposition of the meat and the hide of the animal are not disputed questions. Whether he actually took the animal or was present at its taking is disputed; the State's testimony showing that he did do it; his testimony denying it. He claimed to have been the employe of Hoffman and to have participated in butchering the animal and disposing of the meat and hide in the course of his employment without knowledge of the theft or intent to participate therein.

The State's testimony pointed to an agreement between Hoffman and appellant to engage in the business of stealing cattle, butchering them at Hoffman's house, selling the hides and the meat and dividing the proceeds. There was evidence that on various occasions appellant had taken part in butchering cattle at Hoffman's house at night-time and had sold the hides and the meat. The State's theory was that the animal in question was stolen pursuant to such a conspiracy and that the acts proved, showing appellant took part in butchering cattle at Hoffman's house at night, and selling hides and beef on various previous occasions, were the parts performed by appellant in carrying forward the object of the conspiracy to its ultimate purpose. To sustain this theory and show appellant's intent proof of the other thefts of cattle dealt with in the same manner as the one in question, was, we think, admissible in evidence. Illustrative cases are Camarillo v. State, 68 S. W. Rep., 795; White v. State, 45 Texas Crim. Rep., 602; Petty v. State, 59 Texas Crim. Rep., 591.

By typographical error the original opinion described the charge submitting one of appellant's defenses as a "specially prepared charge."

It should have said "carefully prepared charge." It is quoted in the opinion and told the jury that although the animal was stolen that appellant's acquittal should follow if he was ignorant of the theft whether he was or·was not employed by Hoffman. In insisting that the evidence raised an issue of accomplice and not of principal appellant reviews decisions noting the distinction between principal and accomplice and stresses the point that the theft is completed upon the original taking, contending that there being evidence that appellant was absent at the time of the taking, the court was wrong in concluding that he might nevertheless be a principal. This conclusion of the court is not a departure but a following of the rulings of this court, as is well illustrated in Smith's case, 21 Texas Crim. App., 120, wherein M. M. Smith was on trial and his conviction sustained, on a state of facts showing that while M. M. Smith was at home in Parker County, forty miles distant, other parties fraudulently took possession of cattle in Erath County, drove them to another county and they were subsequently driven by M. M. Smith to Tarrant County for the purpose of sale. M. M. Smith was held as a principal in the original taking of the cattle on the ground that they were taken pursuant to a conspiracy to steal them and sell them and divide the proceeds, his part of the conspiracy being to drive the cattle to Tarrant County and sell them after they were taken. In deciding this case the court approved the distinction between principal and ·accomplice as declared in Cook's case, 14 Texas Crim. App., 96; Bean v. State,·17 Texas Crim. App., 61, and as application of the principle so stated to the facts mentioned, cites the Welsh case, 3·Texas Crim. App., 413; Scales v. State, 7 Texas Crim. App., 361; McKeen v. State, 7 Texas Crim. App., 631; McCampbell v. State, 9 Texas Crim. App., 124, and Cohea v. State, 9 Texas Crim. App., 173, and concluded with the following language: "As before stated, evidence in proof of a conspiracy to commit crime will generally, from the nature of the case, be circumstantial. It is not necessary to prove that the defendants came together and actually agreed in terms to have that design and pursue it by common means. If it be proved that defendants by their acts pursued the same objects, often by the same means, one performing one part and another another part of the same, so as to complete it with a view to the attainment of the same object, the jury will be justified in the conclusion that they were engaged in a conspiracy to effect that object (Slough's case, 5 Fed. Rep., 680), and under our statute such acting together would make all principal offenders, whether present bodily at the place of the offense or not (Berry v. State, 4 Texas Crim. App., 492; Heard v. State, 9 Texas Crim. App., 1; Wright v. State, 18 Texas Crim. App., 358) and they are all principals and acting together as long as any portion or object of the common design remains incomplete; in other words, the full purpose and object of the conspiracy is consummated and accomplished. Hence, where in larceny it was shown that the conspiracy extended as well to the dividing of the stolen goods as to

the theft; what one did between the stealing and the dividing was deemed good evidence against both." (2 Bish. Crim. Proc., 230, citing Scott v. State, 30 Ala., 503.) This doctrine is expressly recognized and adopted by us in O'Neal v. State, 14 Texas Crim. App., 582, and the same rule is announced in Allen v. State, 12 Lea (Tenn.), 424.

"Now in applying the law as above stated to the case in hand, if Jim and Dave Smith were the innocent agents of M. M. Smith, then M. M. Smith was a principal. If there was a conspiracy between all the parties to commit the theft, the part to be done by Jim and Dave being to take the property, and the part assigned to M. M. Smith being the sale after it was so taken, then all were principal offenders."

The court's charge in this case authorizes the conviction under the law of principals, and after a careful review of the subject in the light of the motion for rehearing and the authorities there cited, we adhere to the conclusion reached in the original opinion, that the facts authorized the conviction of appellant as a principal, although at the time the animal was actually taken he was not bodily present, if it was taken in pursuance to a conspiracy in which he performed a part in furtherance of the common design.

The motion is overruled.

*Overruled.*