## H. A. Kolb v. The State.

### No. 5990. Decided December, 1920 and March 2, 1921.

1.—Receiving and Concealing Stolen Property—Charge of Court.

Where, upon trial of receiving and concealing stolen property, from a certain party, alleging the property in a certain owner, the court charged the jury without confining himself to the property described in the indictment, and did not limit the same to said transaction described therein, the same was reversible error.

2.—Same—Case Stated—Charge of Court—Description of Property.

Where, defendant was charged with receiving a car, or automobile, from Pyne, alleged to be the property of Barnes, and the court charged the jury to find the defendant guilty if he knew at the time that said automobile was acquired by theft, by the said Pyne, without limiting the consideration to the transaction as described in said indictment, the same was reversible error.

3.—Same—Definition of Theft—Receiving and Concealing Stolen Property.

Where, the defendant was charged with receiving and concealing stolen property, and the evidence showed that he advised and encouraged one Pyne to steal automobiles of a certain kind, agreeing to pay him therefor the sum of $250, and when this had been accomplished Pyne had no further interest in the car, or its proceeds, but defendant could sell or dispose of them in any way he desired and for whatever price he could obtain, and the proceeds and profits all belonged to the defendant, and, in other words, the conspiracy did not extend to defendant's sale of the car, and the division of the proceeds with Pyne, and the defendant was not a principal in the original taking, the transaction was not theft. Following Burrow v. State, 85 Texas Crim. Rep., 133, and other cases. Distinguishing Smith v. State, 21 Texas Crim. App., 107, and other cases.

Appeal from the District Court of Bexar. Tried below before the Honorable W. S. Anderson.

Appeal from a conviction of receiving and concealing a stolen automobile; penalty, five years imprisonment in the penitentiary.

*Mauerman & Hair,* and *Woods, Barkley & King,* for appellant.

*Alvin M. Owsley,* Assistant Attorney General, and *D. S. McAskill,* District Attorney and *W. S. Anthony,* Assistant District Attorney, for the State.—Cited cases in opinion.

DAVIDSON, Presiding Judge.—Appellant was convicted for receiving and concealing stolen property, his punishment being assessed at five years in the penitentiary.

The State's case, made by a co-conspirator, is that he, appellant and appellant's partner Woods entered into an agreement by which the coconspirator agreed to steal automobiles, conceal their identity as

much as possible by changing the various numbers on the autos, transfer these from one auto to another so as to cover up their identity, bring them to appellant and his partner who were to buy at a price below their real value, and appellant was to sell them making the difference between what he paid the coconspirator and what he would realize. The State proved this by the witness Pyne and such corroborating facts as could be obtained. It is not the purpose of this opinion to discuss the value of the testimony or its sufficiency as to the corroboration. The coconspirator Pyne, in pursuance to this agreement, testified that he stole the car in question from Barnes and cars from other people, and that he delivered these to defendant and received money for them as they were delivered, and it is shown that appellant afterwards sold the cars for a greatly enhanced price. In other words, Pyne and appellant entered into a conspiracy by which Pyne was to steal autos, deliver them to appellant and his associates on a financial basis, so that each would realize considerable money.

The indictment contains counts charging theft by appellant; it also contains a count charging appellant with having received this car after it had been stolen by Pyne, knowing it was stolen. Appellant denied the conspiracy, and testified and introduced evidence to sustain him to the effect that while he bought cars from Pyne, he did so in good faith and paid market value, and that there was no conspiracy or wrong-doing on his part; that he was not aware that the cars had been stolen. The testimony is lengthy, the details of which are omitted. The substance of the case is about as stated. There are a great many exceptions to the charge, and a great many charges were requested.

The court, stating the case to the jury, in the beginning of his charge apprised them that appellant was charged with receiving a car from Pyne alleged to be the property of Barnes; that the car was stolen by Pyne and appellant received it. Then follows the general definition of theft. Applying the law to the case this charge was given: "Now, if you believe from the evidence, beyond a reasonable doubt, that the defendant H. A. Kolb, in the County of Bexar and State of Texas, received and concealed one automobile of the value of five hundred and fifty dollars, and that the defendant knew that said automobile was acquired by theft by the said H. R. Pyne, then you will find the defendant guilty as charged in the indictment," etc. Exception was reserved to this charge because it informed the jury that if Pyne stole a car and appellant received it he would be guilty of receiving stolen property. One phase of objection was that appellant was charged with receiving the property from Pyne that Pyne had theretofore stolen from Barnes, and the charge should have limited the consideration to this transaction, but did not. There are other cars which Pyne testified he delivered to appellant under practically the same circumstances as he did the Barnes car. Under this charge the contention is made that if appellant received any car from Pyne that he had stolen he, appellant, would be guilty. We are of opinion this criticism is correct. He was charged

with receiving a car stolen from Barnes, not any car that he may have received from Pyne, because the evidence shows he received other cars from Pyne under similar circumstances. Under this charge he could have been convicted for receiving any car so received. It should have been confined to the Ralph Barnes car as that was the car relied upon for conviction.

There are many other questions raised, not necessary to discuss, in view of the fact that we are of opinion the evidence does not sustain this conviction and that it proves a case of theft, and not receiving stolen property. The State's case is that there was an agreement and a conspiracy between the parties to do the things testified by Pyne. Appellant's denial of them made the issue, and if his testimony is true he was not guilty of anything. The State must rely upon the case charged. It was a conspiracy to steal and sell cars for profit to each. This was the State's case as Pyne testified. Under this character of testimony it would be a case of theft. See Smith v. State, 21 Texas Crim. App., 107; Smith v. State, 21 Texas Crim. App., 133; Watson v. State, 21 Texas Crim. App., 608; Kirby v. State, 23 Texas Crim. App. 24; Trimble v. State, 33 Texas Crim. Rep., 400; Davis v. State, 61 Texas Crim. Rep., 611 and Simpson v. State, 81 Texas Crim. Rep., 389. The Smith case, *supra*, reviewed this question at length. There are a great number of other cases intervening that we deem unnecessary to collate. The State's case was necessarily, under the testimony, one of a conspiracy to steal, each doing his part and did his part. If the State's case is not true appellant was not guilty of any wrong-doing. Other thefts proved may have been properly admitted for receiving the property under the theory of conspiracy, but would not be for theft under this record. Long v. State, 39 Texas Crim. Rep., 537.

The misconduct of the jury, the charges requested and refused, and the admission and rejection of testimony are not discussed in view of the fact that under the evidence the State has proved a case of theft and not of receiving stolen property.

The judgment will, therefore, be reversed and the cause remanded.

*Reversed and remanded.*

ON REHEARING.

March 2, 1921.

HAWKINS, Judge.—The State, in its motion for rehearing filed by the district attorney and assistant district attorney of Bexar County, insists that we were wrong in our original opinion in (1) holding the charge of the court erroneous in the particulars pointed out in the original opinion, and (2) in holding that the testimony makes a case of theft and not of receiving stolen property.

We are unable to agree with the first contention, and without further discussion adhere to the announcement in the original opinion that un-

der the facts proven the trial court should have limited the jury to the Barnes' car.

If we do not misapprehend the evidence as shown in the statement of facts, it is to the effect that appellant advised and encouraged Pyne to steal automobiles of a certain kind, agreeing to pay him therefor the sum of $250, and when this had been accomplished Pyne had no further interest in the car or its proceeds, but appellant could sell or dispose of them in any way he desired and for whatever price he could obtain, and the proceeds and profits all belonged to appellant. In other words, the conspiracy did not extend to appellant's sale of the car and a division of the proceeds with Pyne. He received $250 flat, and then appellant could do as he pleased with it. These facts bring the case squarely within the Burow case, 85 Texas Crim. Rep., 133, 210 S. W. Rep., 805, as contended for in the motion for rehearing. See also authorities cited in the Burow case, and Kaufman v. State, 70 Texas Crim. Rep., 438, 159 S. W. 38; and Middleton v. State, 86 Texas Crim. Rep., 307, 217 S. W. Rep., 1046. In the latter case many authorities are reviewed, the question there being whether accused was a principal or an accomplice, and the purpose of the writer of that opinion was to clear away a conflict, or apparent conflict, in the decisions of this court on that subject. We quote from that case:

"Article 74 of our Penal Code says that all persons who are guilty of acting together in the commission of an offense are principal offenders. Following this comprehensive general statement of the underlying principle, which is the acting together in the commission of the offense, come articles 76 to 78, each pointing out specific ways in which the parties may be said to act together. The six specific definitions in these articles hold that in the following cases the parties are principals:

(1) When A. actually commits the offense, but B. is present knowing the unlawful intent, and aids by acts or encourages by words; (2) When A. actually commits the offense, but B. keeps watch, so as to prevent the interruption of A; (3) When A. actually executing the unlawful act, and B. engages in procuring aid, arms, or means of any kind to assist while A. executes said unlawful act; (4) When A. actually commits the offense, but B., at the time of such commission, is endeavoring to secure the safety or concealment of A., or of A. and B.; (5) When A. employs an innocent agent, or by indirect means causes the injury, or brings about the commission of the offense; (6) When A. advises or agrees to the commission of the offense, and is present when the same is committed, whether he aid or not.

"Of these six statutory ways in which parties may act together and be principal offenders, it will be seen that two only require the presence of the co-principal with the one actually doing the criminal act, while four make him a principal though physically absent from the scene of the crime."

The facts in the instant case do not bring appellant within any of the four provisions making a party a principal when physically absent

from the scene of the crime; and if the facts show the conspiracy ended when Pyne sold the car to appellant, and there was no further acting together, nor one for or in behalf of the other, the appellant could not be guilty of theft.

In view of what has already been said, it would not be amiss to review the cases cited in the original opinion as supporting the view there announced, that the appellant was guilty of theft. In the case of Smith v. State, 21 Texas Crim. App., 107, two of the Smith brothers, with other parties, went to Erath County and drove certain cattle into Parker County. M. M. Smith, the appellant in that case, was not with them when the cattle were taken in Erath County, but he took charge of the cattle in Parker County and undertook to drive them to Fort Worth and sell them, after which the proceeds, presumably, were to be divided. This court held M. M. Smith to be a principal in the theft, because the conspiracy was not completed until the cattle were sold, and the selling of them seems to have been M. M. Smith's part of the undertaking. The Smith case on page 133 of the same volume is a companion case to the one first cited. The case Watson v. State, 21 Texas Crim. App. 608, seems to be an error in citation; no such case appears to be reported anywhere in that volume, and the writer has been unable to identify the case Judge DAVIDSON intended to cite. In the Kirby case, 23 Texas Crim. App., 24, appellant was convicted for murder, and the discussion in that case was as to "principals" as applied to the facts developed in that case. Trimble's case, 33 Texas Crim. Rep. 400, discloses that while appellant's confederates were stealing the hogs, appellant prepared the pen to put them in. In Davis v. State, 61 Texas Crim. Rep., 611, the appellant was convicted of concealing cattle in Taylor County which had been stolen in Fisher County, and the whole case turned on the question of whether he "concealed" them, if at all, in Taylor County, and is only distantly relevant, if at all, to the question now under consideration. In Simpson case, 81 Texas Crim. Rep. 389, the appellant assisted in butchering stolen cattle under a previous agreement with another party that they should be stolen, butchered and the meat and hides sold, and shows that appellant participated in the disposition of the meat and hides.

From a review of the foregoing authorities and a close investigation of the facts in the several cases, it will be found that the holdings of the court in such of them as are applicable are not in conflict with but are really in support of the Burow case, *supra*. We adhere to the original opinion in reversing the case because of the error in the charge of the trial court as pointed out in the original opinion, but so much of the original opinion as may be in conflict with the views here expressed is withdrawn.

The motion for rehearing is overruled.

*Overruled.*