JOHN CHANDLER v. THE STATE.

No. 6260.  Decided May 11, 1921.

1—Sale of Intoxicating Liquors—Accomplice Testimony—Purchaser.

Where, upon trial of selling intoxicating liquors in violation of the law, the court refused to charge on accomplice testimony, the same was reversible error.  Following Robert v. State, 88 Texas Crim. Rep., 488, and other cases.

2.—Same—Principals—Insufficiency of the Evidence.

This court has serious doubts as to whether a case was made out against the defendant, even had there been sufficient corroborating testimony, as there was no evidence that he was a principal in the alleged offense.  Discussing Middleton v. State, 86 Texas Crim. Rep., 307, and other cases.

Appeal from the District Court of Kaufman.  Tried below before the Honorable Joel R. Bond.

Appeal from a conviction of the unlawful sale of intoxicating liquors; penalty, imprisonment for one year in the penitentiary.

The opinion states the case.

*Ross Huffmaster, Miller & Miller,* and *Wynne & Wynne,* for appellant.

*R. H. Hamilton,* Assistant Attorney General, for the State.

HAWKINS, JUDGE.—Appellant was convicted for selling intoxicating liquor to one S. L. Holley, and his punishment assessed at confinement in the penitentiary for one year.

Holley, in company with Sam Jenkins, went to appellant's house, and found he was away from home, at Mr. Haynie's.  They went to Haynie's and found appellant; and Holley inquired of him if he knew where he could get a quart of whisky.  Appellant told him there was a cotton picker at his, appellant's house, by the name of Slim, and told him to go call Clyde Chandler, appellant's son, and that he, Clyde, would get Slim to sell him the whisky.  The witness Jenkins heard none of the conversation between appellant and Holley.  They left appellant and went back to his house, and Holley communicated to Clyde Chandler what his father, this appellant, had told him.  Clyde, Slim and Holley then went in the house and Holley got a quart of whisky, throwing ten dollars down on the floor as he left.  The witness Jenkins does not seem to have heard either the conversation with appellant at Mr. Haynie's or the conversation with Clyde Chandler and Slim after they had returned to appellant's house.  He saw the three parties go to the well, and saw them go into the house, and knows that after they left the house Holley had some corn whisky; disclaims

having anything to do with the purchase of the whisky, and did not know what Holley was going for at the time he went to Chandler. The first he knew of Holley having any whisky was after they had started away from appellant's house in the buggy; and claims he does not know where Holley got the whisky. The statement of facts is very brief, and the foregoing is a condensed statement of all the evidence in the case.

Appellant requested a charge on accomplice testimony, and also a charge directing the jury to return a verdict of "not guilty," because of the insufficiency of the evidence. Both of these charges were refused by the court. There is no question but that Holley was an accomplice, and without his testimony the State would have had no semblance of a case; Jenkins disclaims knowing anything about the selling or purchase of the whisky. The case must be reversed for the failure of the court to charge on accomplice testimony, under the authority of the cases: Robert v. State, 88 Texas Crim. Rep., 488, 228 S. W. Rep., 230; Franklin v. State, 88 Texas Crim., Rep., 342, 227 S. W. Rep., 486, and many cases following them.

We have serious doubts as to whether a case would have been made out against the appellant, John Chandler, even had there been sufficient corroborating testimony. He was charged as a principal with the sale of the whisky to Holley. He was not present at the time the sale was made. A party may be a principal under certain circumstances, although not present at the time of the commission of the offense, but we doubt if the facts in this case bring appellant within any of the rules where a party, in his absence from the place of the commission of the crime, may be a principal. In Middleton v. State, 86 Texas Crim. Rep., 307, 217 S. W. Rep., 1046, this court undertook to clear up the confusion which had existed with reference to principals, and laid down six ways in which a party might occupy that relation to a crime. These will be found referred to in Kolb v. State, 88 Texas Crim. Rep., 593, 228 S. W. Rep., 210. (1). "When A actually commits the offense, but B is present, knows the unlawful intent, and aids by acts or encourages by words." Appellant was not present, therefore, the first subdivision has no application. (2). "When A actually commits the offense, but B keeps watch, so as to prevent the interruption of A." Clyde Chandler seems to have made the sale, or he, together with Slim made it; and there is no evidence that appellant was keeping watch at the time to prevent their interruption. (3). "When A is actually executing the unlawful act, and B is engaged in procuring aid, arms, or means of any kind to assist while A executes said unlawful act." There is no evidence that appellant was engaged in procuring any aid, arms or means of any kind to assist Clyde Chandler or Slim at the time they were executing the unlawful act; to-wit: the sale. (4). "When A actually commits the offense, but B, at the time of such commission, is endeavoring to secure the safety or concealment of A, or of A and B." There is no evidence that appellant, at

the time Clyde Chandler and Slim committed the offense, was endeavoring to secure the safety or concealment of them, or of them and himself.   (5). "When A employs an innocent agent, or by direct means, causes the injury, or brings about the commission of the offense." There is no evidence which would place appellant in that attitude with reference to the sale of the liquor.   (6). "When A advises or agrees to the commission of the offense, and is present when the same is committed, whether he aided or not." There is evidence which would indicate that appellant agreed, and perhaps advised the sale of the intoxicating liquor, but he was not present when the sale was made, and therefore, he did not come under the terms of the sixth subdivision.   In fact, the evidence in this case discloses only that Holley and Jenkins went to appellant and that Holley inquired where he could likely secure some whisky; that appellant gave the information and directions as hereinbefore set out in this opinion, and he seems to have had no other connection with the transaction at all.   The record does not disclose what he was doing at Haynie's at the time Holley and Jenkins went there and had the conversation with him, but they seem to have left him where they found him, presumably engaged in doing what he was at the time they approached him.   We have made the foregoing observations in view of another trial for the consideration of the court and the prosecuting officers.

For the error suggested, the judgment of the trial court must be reversed, and the cause remanded.

*Reversed and remanded.*