## J. T. BANKS v. THE STATE.

No. 7023.　Decided November 8, 1922.

**1.—Manufacturing Intoxicating Liquor—Motion for New Trial—Mistake of Witness.**

Where, upon trial of unlawfully manufacturing intoxicating liquor, it appeared from defendant's motion for new trial that a material witness who had been giving important inculpatory testimony stated that he was mistaken, a new trial should have been granted. Following Estrada v. State, 29 Texas Crim. App., 169, and other cases, though such evidence may have been cumulative.

**2.—Same—Suspended Sentence—Age of Defendant.**

Where the court declined to entertain the plea of suspended sentence, and this was complained of in this court, and the record showed that there is no contention made that there was any proof available to the appellant, that he was under the age of twenty-five years at the time the offense was committed, there was no reversible error.

Appeal from the Criminal District Court of Tarrant. Tried below before the Honorable Geo. E. Hosey.

Appeal from a conviction of unlawfully manufacturing intoxicating liquor; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*Simpson & Moore,* for appellant.

*R. G. Storey,* Assistant Attorney General, and *Jesse M. Brown,* District Attorney, for the State.

MORROW, PRESIDING JUDGE.—Conviction is for the unlawful manufacture of intoxicating liquor; punishment fixed at confinement in the penitentiary for a period of two and a half years.

The case was tried upon the State's testimony. There was found in the attic of appellant's house a still in operation, and a number of barrels of mash. There was also found on the premises a five-gallon container containing whisky. Appellant was in the act of operating the still at the time of his arrest, and the testimony described it in detail. This came from two officers, who, under a search-warrant, found the still and made the arrest.

On the trial, the two officers identified the still which was exhibited to the jury and introduced in evidence as the one found in appellant's house, to which objection was made on various grounds.

After the verdict, appellant, in one of the grounds for the motion for new trial, claimed that the court erred in admitting the testimony "for the reason this defendant has discovered since the introduction thereof in evidence and now alleges that said still or equipment so introduced, exhibited and testified to as aforesaid, was in fact not taken from the possession of this defendant, and was never in the possession of this defendant, all of which this defendant is able and ready to verify." In proof of this averment, the deputy sheriff who produced the still which was introduced in evidence upon the trial and who apparently had custody of articles of that character, testified that the still produced was not obtained from appellant's home. The two officers who testified to the identity of the still which was introduced in evidence as having been obtained from appellant's home retracted their testimony upon this subject upon the hearing of the motion for new trial. Appellant's wife also testified that the still introduced in evidence had never been on her premises. None of the witnesses on motion for new trial testified affirmatively that there was in possession of the officers any still obtained from the appellant's house. If these facts had been before the trial judge when the still, which was introduced, was offered in evidence, it is manifest that he would not have sanctioned its introduction over the appellant's objection. All of the inculpatory evidence upon which the conviction rests comes from the two officers by whose testimony the still introduced on the trial was identified. Their retraction of that part of their testimony upon the motion for new trial, we think, comes within the rule often given sanction in this court where, after verdict, a material witness makes affidavit that in giving important inculpatory testimony, he was mistaken, that a new trial should be granted unless it is made clear that the mistake could not change the result. Estrada v. State, 29 Texas Crim., 169; Heskow v. State, 14 Texas Crim. App., 606; Johnson v. State, 51 Texas Crim. Rep., 605; Carter v. State, 75 Texas Crim. Rep., 110, 170 S. W. Rep., 739; Brown v. State, 42 Texas Crim. Rep., 176; Zedlitz v. State, 26 S. W. Rep., 725; McCleaveland v. State, 24 Texas Crim. App., 202; Brown v. State, 13 Texas Crim. App., 59; Mann v. State, 44 Texas Reports, 642; Branch's, Ann. Tex. Penal Code, Sec. 205.

We take note of the fact that in delivering their testimony upon the hearing of the motion for new trial, neither of the officers reiterated their former testimony that, in fact, a still had been found upon the appellant's premises, but confined their testimony to the statement, under oath, that in stating upon the trial that the apparatus introduced in evidence was obtained from appellant's house, they were

mistaken. This state of the record makes it manifest that in the introduction of the apparatus before the jury, a wrong was done the appellant. The jury was thus permitted to received and use against him illegal testimony over his objection. Under such circumstances, ground for a new trail, though it be cumulative, and this is true, although it be cumulative, and this is true, although if the evidence is important and pertinent to the issue, it is good though it may be probable that upon the legal evidence a conviction would have resulted. Tyson v. State, 14 Texas Crim. App., 389; Hester v. State, 15 Texas Crim. App., 567; Jackson v. State, 20 Texas Crim. App., 192; Ware v. State, 36 Texas Crim. Rep., 597; Webb v. State, 36 Texas Crim. Rep., 41. It cannot be said that the illegal evidence admitted was not material, nor are we able to determine that it had no injurious effect upon the appellant's case. The statute covering the subject is that a new trial "shall be granted where the trial court had committed an error *calculated to injure the rights of the defendant.*" The error committed in the admission of the evidence was not the fault of the trial judge. It was due to a mistake of facts, upon the part of the State's witnesses, but was nevertheless calculated to injure appellant, and in view of the fact that the punishment was more than double the minimum, we are of the opinion that the trial court was not warranted in refusing to grant a new trial.

The offense was committed on the 26th day of November, 1921. Appellant sought to avail himself of the law authorizing the jury to recommend a suspension of the sentence. See Article 865, Code of Criminal Procedure. In his pleading he omitted to state his age. The court declined to entertain the plea. This is complained of. The effect of the court's action was to sustain a demurrer to the plea. Under the law in force at the time the offense was committed and at the time of the trial, the suspended sentence privilege was not available to persons charged with violation of the Intoxicating Liquor Law, who were over twenty-five years of age at the time the offense was committed. See Acts of the 37th Leg., Chap. 61, sec. 2d. The validity of this section has been upheld in the case of Davis v. State, No. 7127, not yet reported. The provision in question is not obnoxious to the rule against discrimination. It applies equally to all persons above the age of twenty-five years transgressing the law prohibiting the manufacture, sale or transportation of intoxicating liquors. Whether or not the demurrer should have been sustained to the plea, no error is shown by the bill for the reason that there is no contention made that there was any proof available to the appellant that he was under the age of twenty-five years at the time the offense was committed. Unless there was such testimony, the plea could not have availed. The bill comes within the rule which requires that the bill of exceptions shall show the facts from which injury might have resulted.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*