[No. 1965.]

DAVE SMITH *v.* THE STATE.

1. THEFT—INDICTMENT—CONSENT.—The indictment charges the appellant with the theft of five head of cattle, the property of E. M. T., and of eight head of cattle the property of W. A. T., and avers the non-consent of the owners as follows: " without the consent of the said owners." *Held*, that a joint possession and ownership not being charged, the allegation of non-consent is sufficient.

2. SAME—EVIDENCE.—Upon the understanding that the State would introduce other qualifying evidence, a State's witness was permitted to testify that when the defendant and one of his co-defendants was at the witness's house in possession of some of the alleged stolen cattle, this defendant's co-defendant told him that still another co-defendant had no ranch out west, and that the cattle were home cattle. In explanation of the bill of exceptions reserved to this evidence, the trial judge certifies that, the State having failed to introduce the qualifying evidence, the evidence complained of was withdrawn from the jury. *Held*, that the evidence having been withdrawn from the consideration of the jury without prejudice to the defendant, he can not now be heard to complain. Further, that, being a part of the *res gestæ* of the transaction and the declaration of one of the co-conspirators pertinent to the transaction, the evidence was, in any event, competent.

3. SAME—EVIDENCE.—See the third head note in the case of M. M. Smith v. The State, *ante* page 107, for a correct rule of evidence, which applies as well to this case, the identical evidence being the question at issue in both cases. But note the dissenting opinion of Hurt, Judge, holding that the contested evidence is inadmissible in this case, and assigning his reasons for so concluding.

4. SAME.—A bill of exceptions recites the testimony of one K., a State's witness, to the effect that he had a conversation with M. M. S., one of the defendants, in the absence of this defendant, a few days before this defendant and another started after the cattle. The witness detailed the said conversation, and concluded with the statement that M. M. S. told him that he, M. M. S., had thirty-two or thirty-three head of cattle out west. The trial judge, explaining the bill of exception, certifies that only that part of the conversation which recited M. M. S.'s claim to thirty-two or thirty-three head of cattle was admitted. *Held*, that, as explained by the trial judge, the bill of exception shows no error. The evidence admitted was competent to throw light upon a subsequent portion of the transaction; and besides, it is not made to appear that, at the time the statements were made by M. M. S , the conspiracy between M. M. S. and defendant did not already exist. But if the defendant was not then a party to the conspiracy to steal the cattle, if he came into it afterwards, and adopted it as formed by other parties and M. M. S., he would be bound by it.

4. SAME—UNLAWFULLY DRIVING STOCK FROM ACCUSTOMED RANGE—INDICTMENT—CHARGE OF THE COURT—CASE APPROVED.—Under an ordinary indictment for theft of an animal, the accused may be convicted of that offense, or of wilfully taking into possession and driving from its accustomed range live stock not his own, without the consent of the owner and with intent to defraud the owner thereof, which is made theft and a felony by Article 749 of the Penal Code. See the opinion *in extenso* for a charge of the court upon the subject *held* correct, as being warranted by the facts in the case. See also the dissenting opinion of Hurt, Judge, traversing the doctrine; and note the approval of Foster's case, *ante*, page 80, upon the question.

Appeal from the District Court of Erath. Tried below before the Hon. T. L. Nugent.

This is a companion to the preceding case of M. M. Smith v. The State, the conviction being for the same transaction, the theft of cattle, the property in separate parts of E. M. and W. A. Trammell. A term of four years in the penitentiary was the punishment assessed by the jury.

The same witnesses who testified upon the trial of M. M. Smith testified, in the same order, and substantially in the same language, upon the trial of the appellant. It is to be noted in this case that the objections interposed to evidence are directed principally to the testimony of the witness L. S. Kenyon. It is recited in the transcripts of both cases that the witness Kenyon testified circumstantially as did the witness P. J. Morris, who immediately preceded him upon the stand. Morris's testimony is set out at length in the report of M. M. Smith's case, *supra.*

The motion for new trial raised the questions discussed in the opinion.

No brief for the appellant has reached the Reporters.

*J. H. Burts,* Assistant Attorney General, for the State.

White, Presiding Judge. This is a companion case to that of M. M. Smith, just decided, and grew out of the same transaction.

In each of these cases the sufficiency of the indictment is attacked with regard to the averment of want of consent to the taking of the cattle. Five of the cattle are alleged to be of the property of Eugene Trammell, and eight of W. A. Trammell. Now, the averment of want of consent is as follows: "Without the consent of the said owners." Upon this point we copy from the opinion of Judge Hurt in Jim Smith's case, where the same question came up for review. He says: "It is urged by counsel for defendant that this is not sufficient, because each owner's consent is not denied. This criticism is just, but, under the allegations of this indictment, is it essential to the sufficiency of the indictment for the consent of each to the taking of all the cattle to be denied? It is not alleged that Eugene Trammell owned, controlled, or had possession of the eighteen head of cattle, nor that W. A. Trammell managed, controlled, or had possession of the

five head.   There was no authority in Eugene to give defendant or anyone else his consent to take the eight head, or any part thereof.   The fact that they were running together, when taken, certainly would confer no such authority.   The observations apply with equal force to the authority of W. A. to give consent to the taking of the five head, the property of Eugene.   This is not a case in which there is joint possession and ownership."   The allegation of want of consent is therefore sufficient.

The first bill of exceptions is explained by the judge, and from his explanation the evidence objected to, appears to have been expressly withdrawn by him from the jury.   If it had not been withdrawn we are of opinion it was admissible as evidence, it being part of the *res gestæ* of the transaction, and a declaration of one of the co-conspirators pertinent to the transaction.

The second bill of exceptions was taken to the admission of the testimony of the witness Guyger to the fact that, on the sixteenth of July, he saw Tom Saunders and Willis Brooks driving ten or fifteen head of cattle, about a quarter of a mile from Buckner's crossing on the Brazos.   This matter is similarly presented and fully discussed in M. M. Smith's case, and for the reasons therein stated we hold the evidence was admissible.

The third bill of exceptions as explained by the judge shows no error.   It was legitimate to permit the witness Kenyon to testify that M. M. Smith, one of the conspirators, told witness that he had thirty or more head of cattle out west.   The evidence threw light upon a subsequent portion of the transaction; and, besides, it is not manifest that, at the time of these statements to the witness, the conspiracy did not already exist, with defendant.   But suppose it did not then exist, so far as defendant was concerned, yet, if afterwards he came into it, and adopted the conspiracy as formed by other parties, he would be bound by the conspiracy as adopted; which seems to have been to steal some thirty odd head of cattle.   This defendant was the party to whom M. M. Smith executed his power of attorney to go out west and gather the cattle.

Under the explanation given by the judge there is no merit shown in the matter stated in the fourth bill of exceptions.

The fifth bill of exceptions was reserved to supposed errors in the charge of the court, and more especially to the third paragraph, which was as follows, viz:   "If you believe from the evidence that the defendant, Dave Smith, at or about the time, and in the county alleged, wilfully took into his possession the

said cattle, and removed the same from their accustomed range, without the consent of the alleged owner, and with intent to defraud the said owner; and if, moreover, you believe from the evidence that the said cattle were not, at the time of such removal, the property of the defendant, but were in fact the property of the parties charged in the indictment to have been the owners, you will, if you so believe and find, find the defendant guilty of theft, and assess his punishment at confinement in the penitentiary not less than two nor more than five years; or you may assess the punishment at a fine in any sum not exceeding one thousand dollars; or you may, in your discretion, assess both such fine and imprisonment." This charge was based upon Article 749 of the Penal Code, which denounces a wilful driving of stock from its accustomed range, under the conditions stated in the Article, to be theft.

It is contended that the charge was not warranted under the allegations of the indictment in this case, which was one in the ordinary form for theft. This whole subject was recently discussed by us fully in the case of Foster v. The State, recently decided, wherein it was held that the crime denounced by Article 749 of the code was a lesser degree of theft, containing all the elements of theft; and that it was not only legitimate, but, if the facts warranted, it was the duty of the court to charge the law of this Article under an indictment charging theft of animals in the ordinary form. There was no error in the court charging as above in this case; it was a charge favorable to defendant.

As a whole, the charge is unobjectionable in its presentation of the law of this case. No additional instructions were requested for defendant. We have been unable to find any such error in the record as requires that this judgment should be reversed, and it is therefore affirmed.

*Affirmed.*

## DISSENTING OPINION OF HURT, J.

HURT, JUDGE. This is a conviction for theft of cattle, the property of Eugene Trammell and W. A. Trammell, being a companion case to that of Jim Smith v. The State, decided at a former day of this term; M. M. Smith, Jim Smith, Dave Smith, Tom Saunders, and Frank Saunders being indicted jointly.

In the case of Jim Smith we gave our views in full, first, upon

the sufficiency of the indictment; and second, upon the acts and declarations of Bud Taylor and M. M. Smith, holding that they, the acts and declarations, were competent evidence, notwithstanding Jim Smith was not present, nor had he, when the acts and declarations were committed and made, entered into the conspiracy.

We also gave our views upon the competency of the fact that Willis Brooks and Tom Saunders were seen by Guyger in possesion of, and driving a bunch of cattle towards Weatherford. This transaction is minutely described in the opinion in Jim Smith's case. Under the facts of that case, the writer held that this transaction was not competent evidence against Jim Smith, and there being no material difference in that and this case, turning upon the competency of this transaction, he must hold it incompetent evidence in this case.

The indictment alleges the commission of certain acts, committed with certain intents, such acts so committed being declared by Article 724 Penal Code to be theft. And by reason of the fact that the indictment charges against the defendant the commission of the certain acts, with certain intents, this indictment is held sufficient, because it informs defendant of the acts denounced by law to be an offense in plain and intelligible language. Acts and omissions constitute offenses, and not *names*.

The learned judge, notwithstanding the fact that this indictment is as silent as the grave with reference thereto, charged the jury, in substance, that if the defendant wilfully took into possession, and drove, used, or removed from their accustomed range, the cattle in question, without the consent of the owner, and with intent to defraud the owner thereof, they should find him guilty,—instructing them to assess the punishment fixed by Article 749 Penal Code.

If the elements composing the offense called theft in Article 749 be the same as those set out in the indictment and called theft in Article 724, then there was no error in giving this charge, for things equal to the same thing are equal to each other.

Again, if the *acts* charged in the indictment included each and every act mentioned in Article 749, there is no wrong done defendant by this charge. But is this true? Let us take one clause of the sentence: "or remove from its accustomed range." Now, most evidently, to convict of this offense, the other ingredients being conceded, the State, by indictment, must allege

that the stock was "removed from its accustomed range," and the State must prove this allegation. Here we find an issue of fact presented, to-wit: "the accustomed range" of the stock; hence there must be proof that the stock had an accustomed range; and unless this proof is made by the State, a conviction could not be had under this clause. The indictment having informed him that the stock was removed from its accustomed range, which information is absolutely essential to the sufficiency of the indictment, he came prepared to meet that issue. How? By contesting the sufficiency of the State's proof, either with or without evidence on his part; and if the State fails to establish, beyond a reasonable doubt, that the stock had an accustomed range from which to be removed, the accused would in law and in justice be entitled to an acquittal.

We find, therefore, that this is a matter of vital importance. Did the stock have an accustomed range is a fact of such transcendant importance that the conviction of the accused may depend upon this fact alone not being proved; for it may be the only fact in the case not established by the State, and hence an acquittal would follow.

Again, the stock when taken into possession must be *removed from* its accustomed range. It may be removed; this will not suffice unless removed from—beyond—its accustomed range. Here we also find an issue of fact as important as the first, and to which the same observations apply. Now are these or either of these issues of fact tendered to the defendant by the indictment in this case? No lawyer will so assert.

But it may be urged that these acts (contained in Article 749) *are made,* yea, *called* theft. Acts constituting embezzlement, and acts constituting swindling, may properly be called theft. The name of the offense has nothing to do with the question, it being one of pleading and proof. Acts and omissions—not names—constitute offenses, and they must be alleged in plain and intelligible language. And here let us suppose that the code makers had declared that the acts which constitute embezzlement should be theft, calling them such, or that the acts constituting swindling should be deemed theft, would it be contended by any person at all familiar with criminal pleading that an indictment drawn under Article 724 Penal Code, alleging the acts therein contained, and no others, would be sufficient to admit proof of the acts constituting embezzlement or those composing swindling? I think not.

As the punishment is assessed at confinement in the penitentiary for four years, which is consistent with the offense charged in the indictment. as well as that prescribed in Article 749, and as the verdict does not determine of which acts defendant is found guilty, this matter becomes of very great importance, for, if convicted under Article 749, the conviction is fatally erroneous because not supported by allegation.

Because the court erred in admitting in evidence, over objection of defendant, the transaction relating to the bunch of cattle seen in possession of Brooks and Saunders, and because of the error in the charge of the court discussed above, the judgment should, in my opinion, be reversed and the cause remanded.

*Affirmed.*