# JUNE 24, 1936

## G. C. CLARK v. THE STATE.

No. 17985.   Delivered June 24, 1936.

The opinion states the case.

*Stinson, Hair, Brooks & Duke,* of Abilene, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE.—Conviction for receiving and concealing stolen property; punishment, two years in the penitentiary.

Three accomplices swore in substance that they lived at Hamlin, Texas, and upon advice of appellant,—working for him and using his truck in the nighttime,—they stole cotton seed from Wall who lived in an adjoining county.   They claimed to have taken the cotton seed back to Hamlin after stealing same; that they reported to appellant, who asked one of them,—a

boy named Earnest,—to take the seed out to his house and keep them awhile, which Earnest did. The theft being discovered, the seed were located, and the sheriff got the seed and delivered them to the owner.

We think the description of the property as sixty bushels of cotton seed of the value of $90.00, of certain ownership,—is sufficient. Grissom v. State, 40 Texas Crim. Rep., 146; Walton v. State, 41 Texas Crim. Rep., 457; Baldwin v. State, 175 S. W., 701; Bell v. State, 84 Texas Crim. Rep., 160; Houston v. State, 98 Texas Crim. Rep., 280.

We think there is nothing in the proposition that if the proof showed appellant to be an accomplice to the theft, he could not be convicted as a receiver of the alleged stolen property. The point is discussed at length in Gammel v. State, 124 Texas Crim. Rep., 328. See also Petty v. State, 82 S. W. (2d) 965.

The case must be reversed for lack of corroboration of the accomplices. They could not corroborate themselves. No one save these three witnesses connects appellant with the taking of the property, nor in any adequate degree with the property after it was stolen. It is the rule in this State that the accomplice must be corroborated both as to the theft and as to the receiving and concealing. Hanks v. State, 55 Texas Crim. Rep., 405; Wilson v. State, 115 Texas Crim. Rep., 308; Bloch v. State, 81 Texas Crim. Rep., 1; Poon v. State, 120 Texas Crim. Rep., 525. The only witness for the State whose testimony even smacks of corroboration is Mrs. Earnest, mother of the boy who claimed to have taken the stolen cotton seed to his home after same were stolen. She testified that after her son W. D. brought the seed to her home, appellant and one Jerry Boiles came out there. We quote from her testimony at this point:

"And said they wanted to get some of the seed to feed his cow; said 'I want to get some of the seed in the house to feed my cow.' I told him we were going to have to move, he would have to get his seed. He said he wanted to keep them if he could; that he had two more where his dad lived; that he had brought them there to our house; that's all I know about it."

We can not tell from the above who said which, nor what the speaker who said he had two more out at his father's meant. Manifestly appellant did not bring seed to the home of Mrs. Earnest, while Jerry Boiles may have done so.

We are not at liberty to infer corroboration from something we can not understand, and upon this send a man to the penitentiary. Our statute on corroboration of accomplices is plain,

and its demand is that there be other testimony aside from that of the accomplice or accomplices which .of itself tends to connect the accused with the commission of the offense. Failing to find such corroboration, the judgment is reversed and the cause remanded.

*Reversed and remanded.*