### CHARLIE COY v. THE STATE.

No. 18712. Delivered January 13, 1937.

The opinion states the case.

*Cameron & Hardin,* of Edinburg, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is knowingly receiving and concealing stolen property; the punishment, confinement in the penitentiary for eight years.

According to the testimony of the State, Federico Saenz, Jose Gonzalez and others went to the pasture of O. M. Kenyon on the 8th of October, 1935, and stole some of his horses and mules. Again, the testimony of the State was to the effect that, prior to the theft, appellant entered into an agreement with Saenz, whereby Saenz and his companions were to steal the animals in question and deliver them to the pasture of appellant. Appellant was then to dispose of said animals and divide the proceeds of the sale with his co-conspirators. The proof on the part of the State was to the further effect that after the theft had been committed, appellant not being present at its commission, the animals were delivered to appellant and that he thereafter sold some of them but did not divide the proceeds with his co-conspirators. Under the circumstances, appellant was guilty of theft and not as a receiver of stolen property. We quote from McInnis v. State, 54 S. W. (2d) 96, as follows:

"If Haskett's testimony alone could establish appellant's connection with the transaction, it showed a conspiracy between him, appellant, and Bourland which contemplated the theft of the property from Jackson's, the sale of it, and the division of the proceeds. Haskett was to do the actual stealing, but the conspiracy was not yet ended; appellant and Bourland were to dispose of the property, in which they acted for Haskett as well as themselves, as Haskett was to receive a percentage of the proceeds. Appellant, while not present when the theft was committed, subsequently performed his part under the conspiracy agreement. The fact that he may have failed to pay over to Haskett his part of the money received from Alterman would be immaterial so far as the law is concerned. Under similar facts it has been held many times that accused was

guilty as a principal in the theft of the property, and could not be guilty as a receiver of the property."

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the judges of the Court of Criminal Appeals and approved by the Court.