## FRANK McCUMBER v. THE STATE.

No. 22014. Delivered March 18, 1942.

The opinion states the case.

*Schlesinger, Goodstein & McGuire,* of San Antonio, for appellant.

*Spurgeon E. Bell,* State's Attorney, of Austin, for the State.

GRAVES, Judge.

Appellant was convicted of receiving and concealing stolen property, and given two years in the penitentiary.

There are no bills of exceptions in the record, and appellant's

insistence upon the insufficiency of the testimony is his sole contention.

We think the testimony is reasonably clear that Mr. Ben Davis lost a black white-faced cow by means of theft sometime the latter part of December, 1940. In order to affix the charged offense of receiving and concealing such animal upon the appellant, the State used three confessed accomplices who testified as to the theft of this animal and its sale to appellant. These three men were Mexicans who were themselves under a number of indictments for various charged thefts in the county, and one of whom was on parole from the penitentiary at the time of this alleged offense.

The testimony of such accomplices, and they were charged as such by the trial court, was also required by such court in his charge to be corroborated in order for a conviction in this cause to be had. The only effort at such corroborative testimony found in the record was a statement in the nature of a confession made by the appellant. It seems that appellant, when arrested by the sheriff, was taken to San Antonio, and there subjected to a trial by a "lie-detector" machine, but such machine failed to work when applied to appellant. True, he did there make a statement to the officers, which statement was introduced in evidence, but which is of such an inconclusive and unsatisfactory nature as to be useless as a matter of corroboration. It finally and merely says that:

"I don't want to say that I did not buy this above described stock and I don't want to say that I am positive that I did buy them. * * * Since both of these deals was supposed to have happened in December of 1940 and as above stated, I was not keeping any records at that time, I just can't remember if I bought this stock or not."

The above statement is the only corroboration, if such it is, of the testimony of the three confessed accomplices, and in our opinion it falls short of the measure demanded by the law. It is not an admission at least of the fact that he received such black white-faced cow from these three witnesses, knowing the same to have been stolen, nor does it seem to us that it tends to show the truth of the three witnesses' statement of the cow's sale to appellant; especially is this so in view of the good reputation proven by appellant by many witnesses. See Art. 718, C. C. P.; Robinson v. State, 148 S. W. (2d) 1115;

Cooley v. State, 143 S. W. (2d) 597; Clark v. State, 95 S. W. (2d) 1309.

On account of the lack of any corroboration of the three confessed accomplices, this judgment is reversed and the cause remanded.