ROBERT DEE JOHNSON AND R. A. HANCOCK v. THE STATE.

No. 23842. Delivered December 17, 1947.

*Allen, Locke & Kouri* and *Guy H. McNeely,* all of Wichita Falls, for appellant.

*Elmer H. Parish,* District Attorney, and *Clyde C. Fillmore* and *Alan B. Haley;* Assistant District Attorneys, all of Wichita Falls, and *Ernest S. Goens,* State's Attorney, of Austin, for the State.

KRUEGER, Judge.

The offense is theft of property over the value of $50.00. The punishment assessed against each of the defendants is confinement in the state penitentiary for a term of two years.

The record shows that on Sunday, the 28th day of April, 1947, the two appellants, Jimmie Joe Tice, and James Robert

Higgins met in a cafe at Lawton, Oklahoma, about 11:30 P. M. While there, Higgins suggested that they go to Wichita Falls, Texas, and get some whiskey. Higgins said that he knew where he could get some whiskey and asked the other three if they would help him sell it and then they would divide the proceeds of the sale in four equal parts. Upon their arrival at Wichita Falls, they went to a tourist camp, engaged a cabin, and then Tice and Higgins proceeded to look for a liquor store. They found one near Sheppard Field Road which was owned by V. N. Mills. They broke the lock on the front door, entered the store and took therefrom 20 cases of Sunnybrook whiskey which they loaded into their Ford automobile. When they had loaded the whiskey and were ready to leave, a police car came in sight and they drove away at a very rapid speed. They went to the tourist cabin where appellants assisted them in unloading the whiskey and placed it in a closet of the cabin. After they had completed the storing of the whiskey in the closet, Tice, Higgins and Johnson went up town while Hancock remained at the cabin. Tice, Higgins and Johnson parked their Ford car and engaged a taxi to take the whiskey to Oklahoma. While they were engaged in loading the whiskey into the taxi, the officers appeared and arrested them.

Each appellant made a voluntary confession which was introduced in evidence by the State. However, on the trial of the case, the defendants, nor either of them, testified.

Appellants requested the court to instruct the jury on the law of circumstantial evidence which the court declined to do, to which ruling they excepted. We are not in accord with their contention since the rule seems to be that although the only direct evidence against accused comes from an accomplice, it does not require a charge on circumstantial evidence. See Mampler v. State, 28 Tex. App. R. 352; Williams v. State, 45 S. W. 494; Rios v. State, 39 Tex. Cr. R. 675; and Martinez v. State, 61 Tex. Cr. R. 29.

Appellants urged a number of objections to the court's charge. Their first objection is that the court in his charge failed to give to the jury a correct rule by which to determine the sufficiency of the evidence of an accomplice witness to justify conviction, in this, that the court failed to instruct the jury to exclude the testimony of the accomplice Tice and then determine if there are other facts or circumstances tending to connect accused with the commission of the offense charged. We see no error committed in this respect. Such an instruction would have been on the weight of the evidence.

Appellants also addressed a number of objections to the court's definition of principals. The charge of the court on the subject reads as follows:

"All persons are principals who are guilty of acting together in the commission of an offense. When an offense has been actually committed by one or more persons the true way for determining who are principals is as follows: Did the parties act together in the commission of the offense? Was the act done in pursuance of common intent and in pursuance of a previously formed design in which the minds of all united and concurred? If so, then the law is that all are alike guilty, provided the offense was actually committed during the existence and in the execution of the common design and intent of all, whether in point of fact all were actually bodily present on the ground when the offense was actually committed or not."

This was a correct definition of the law of principals, if applicable to the facts. A charge similar to the foregoing was given in the case of Cook v. State, 14 Tex. App. 96; and in the case of Middleton v. State, 86 Tex. Cr. R. 307; and was approved by this Court.

Many other objections were addressed to the court's charge which we have reviewed in the light of the objections and reached the conclusion that the charge is not subject to the objections urged thereto. The only real issue in the cases seems to be whether or not appellants are principals, that is, do the facts and circumstances bring them within the legal definition of principals, or from which the jury could reasonably deduce such a conclusion?

Art. 65, P. C., provides as follows:

"All persons are principals who are guilty of acting together in the commission of an offense."

Art. 66, P. C., provides as follows:

"When an offense is actually committed by one or more persons, but others are present, and knowing the unlawful intent, aid by acts or encourage by words or gestures, those actually engaged in the commission of the unlawful act, or who, not being actually present, keep watch so as to prevent the interruption of those engaged in committing the offense, such persons so aiding, encouraging or keeping watch are principal offenders."

Do the facts and circumstances proved bring appellants within the definition of principals? The offense of theft was complete when Tice and Higgins took the whiskey into their possession at the liquor store. At that time appellants were in the tourist camp lying across the bed asleep. This is shown by the uncontradicted evidence. Not being actually present when the theft was consummated appellants' guilt as principals in the theft must of necessity depend upon whether they come within any of the rules fixing upon them the status of principals although not present when the offense was committed.

As clearly pointing out the facts which bring an accused within four such rules, we quote from Middleton v. State, 86 Tex. Cr. R. 307 (217 S. W. 1046), as follows:

"When A. actually commits the offense, but B. keeps watch so as to prevent the interruption of A.

"When A. is actually executing the unlawful act, and B. engages in procuring aid, arms, or means of any kind to assist while A. executes said unlawful act.

"When A. actually commits the offense, but B., at the time of such commission, is endeavoring to secure the safety or concealment of A., or of A. and B.

"When A. employs an innocent agent, or by indirect means causes injury, or brings about the commission of the offense."

In theft cases, a fifth definition is recognized where one may be a principal to the commission of a felony theft by another, although not present when the theft is committed, and that is:

When A., being a party to a prior conspiracy to commit theft, and his part in the conspiracy is to make disposition of the property when stolen, and the proceeds of which are to be divided among the conspirators. See Smith v. State, 21 Tex. App. 107 (17 S. W. 552); Kolb v. State, 88 Tex. Cr. R. 593 (228 S. W. 210); Smith v. State, 21 Tex. App. 133 (17 S. W. 558); Byrd v. State, 117 Tex. Cr. R. 489 (38 S. W. (2d) 332); Burrow v. State, 85 Tex. Cr. R. 133 (210 S. W. 805) McInnis v. State, 122 Tex. Cr. R. 128 (54 S. W. (2d) 96); Coy v. State, 131 Tex. Cr. R. 489 (100 S. W. (2d) 1016); Miller v. State, 133 Tex. Cr. R. 53 (105 S. W. (2d) 1097); and Thornton v. State, 136 Tex. Cr. R. 560 (127 S. W. (2d) 197.)

It is quite apparent that appellants do not fall within the

classes mentioned in the four groups first pointed out. It is contended by the State that they fall within the fifth group.

An analysis of the facts in the cases cited will disclose that where accused was held guilty of theft as a principal though not present when the offense was committed, was where he had entered into a conspiracy with others to commit theft, his part in the conspiracy being to dispose of the stolen property and divide the proceeds with the other conspirators. The others deliver the stolen property to accused, and have no further connection with it, or its sale or disposition. As we understand the facts in the instant case, the other conspirators did not surrender sole possession of the stolen whiskey to appellants to be sold, but were either to participate in the sale, and division of the proceeds, or participate in the division of the whiskey, so that each of the conspirators were to take a one-fourth. We do not think these facts bring appellants within the fifth group where accused would be a principal in a theft case although not present when the offense was committed.

For the error herein pointed out, the judgment of the trial court is reversed and the cause remanded.

Opinion approved by the Court.