ERNEST EVANS V. THE STATE.

No. 23994. Delivered April 7, 1948.
Rehearing Denied May 19, 1948.

*Jones & Jones*, of Mineola, for appellant.

*Ernest S. Goens,* State's Attorney, of Austin, for the State.

KRUEGER, Judge.

Appellant was convicted of the offense of fraudulently receiving and concealing two head of cattle knowing that the same had been stolen and his punishment was assessed at confinement in the state penitentiary for a term of four years.

The record is before us without any bills of exceptions. The only complaints brought forward relate to the court's action in declining to submit to the jury his special requested charges, in overruling his objections to the court's main charge, and in declining to peremptorily instruct the jury to acquit him.

The record before us shows that on Sunday, February 2nd, 1947, Virgil Roach stole some cattle from F. F. Grimes and sold them to appellant who took them to the town of Alba in a pickup truck and then took them out to his lot located near the home of F. F. Grimes. Virgil Roach admitted that he stole the cattle in question from Mr. Grimes and that appellant knew it; that he and appellant on various occasions had discussed the matter of Virgil Roach stealing some of Mr. Grimes' cattle and he, appellant, would buy them from him, Roach. On the day in question, appellant, accompanied by Chilton Williams, went in appellant's pickup truck to the home of Virgil Roach where they inspected the cattle. Chilton Williams remarked that they were Grimes' cattle and he did not want anything to do with them; that they had Mrs. Grimes' brand, Bar-F, on them; that they then left but in a few minutes they, appellant and Chilton Williams, returned and the appellant and Roach loaded the two head of cattle in the pickup while Williams was sitting in the truck declining to have anything to do with the cattle; that before they left, appellant told Arliss Kennemer, who was visiting Roach at the time, not to say anything about the cattle being taken away; that he, appellant, would give him five dollars the next time he came to town. Grimes discovered his cattle in the pickup truck that night while it was parked in front of appellant's place of business and watched his cattle all night after appellant had unloaded them in his lot. Early the next morning he notified the sheriff. Mr. Bullock, a deputy sheriff, immediately went to appellant's lot where the cattle were and inquired of appellant where and from whom he got the cattle to which appellant remarked from a boy in the country whose name he could not then recall.

Appellant testified that he did not know that the cattle in

question were stolen when he purchased them, however, he admitted that prior to the time he had had several conversations with Roach about buying some cattle from him. He denied that he saw any brand on either of the cattle in question. He denied that he heard Chilton Williams make the statement when they were looking at the cattle in Roach's lot that they were Grimes' cattle and he did not want anything to do with them. He also denied that he told Arliss Kennemer not to say anything about the cattle; that he, appellant, would give him five dollars the next time he came to town. He admitted, however, that he did tell Mr. Bullock that he bought the cattle from a boy in the country whose name he could not then recall. He further admitted that he had known Virgil Roach for several years. The foregoing is a brief summary of the salient facts proven on the trial.

We deem the evidence sufficient to warrant and sustain the the conviction.

By his special charge No. 1 he requested the court to instruct the jury that if they believed Arliss Kennemer is an accomplice then they could not consider his testimony as corroborating the testimony of Virgil Roach, nor could they consider the testimony of either as corroborating the other; that one accomplice cannot corroborate another accomplice. The court declined to give this special requested instruction since in his main charge, he gave one of like import on the subject. The record discloses that the court, in his main charge, gave an adequate instruction on the subject.

He next complains because the court declined to submit to the jury his special requested charge to the effect that there has been introduced in evidence proof that defendant has been charged with another offense that they, the jury, could not consider the same as any evidence of his guilt but only as affecting his credibility as a witness. The court, in his main charge, limited the evidence to the purpose for which it was introduced. This was all he was entitled to.

By his special charge No. 3 he complains of the remark of the district attorney in argument to the jury when he said, "The defendant lied to you when he said he did not hear Chilton Williams says these were Grimes' cattle." From the evidence introduced, we believe that the district attorney was justified in reaching the conclusion that he, defendant, was mistaken or deliberately lied when he denied that he heard Chilton Williams make the remark aforesaid.

Appellant urged seven objections to the court's charge. We have examined the charge in the light of the objections and have reached the conclusion that they are without merit since the court gave a fair and adequate instruction on every phase of the case as shown by the evidence.

Finding no reversible error in the record, the judgment of the trial court is affirmed.

Opinion approved by the Court.

ON APPELLANT'S MOTION FOR REHEARING.

DAVIDSON, Judge.

The testimony of the accomplice witness Roach showed that appellant approached him with the idea of stealing the cattle and selling them to the appellant, and that the theft and delivery of the cattle was in accordance with that idea.

Appellant insists that such testimony showed appellant guilty of a conspiracy to steal the cattle and in such a manner as to constitute him a principal to the theft of the cattle, thereby precluding his conviction of receiving and concealing stolen property.

That one may not be guilty of receiving and concealing stolen property who is guilty as a principal to the theft thereof is so well established as to render unnecessary the citation of authorities. Such rule, however, does not apply where the receiver of the stolen property is only a co-conspirator to the theft. Gammel v. State, 124 Tex. Cr. 328, 62 S. W. (2d) 139; Petty v. State, 128 Tex. Cr. R. 562, 82 S. W. (2d) 965; Clark v. State, 131 Tex. Cr. R. 1, 95 S. W. (2d) 1309.

The distinguishing feature in determining when one is a principal to the crime of theft rather than of receiving and concealing the stolen property lies in whether or not the conspiracy ended with the delivery of the stolen property. If so, the receiver and concealer of the stolen property was not a principal to the theft. On the other hand, if there remained some act to be performed by the receiver of the stolen property in furtherance of the conspiracy or common design, such as a sale of the stolen property and a division of the proceeds of the sale, then the receiver is so connected with the theft as to constitute him a principal. McInnis v. State, 122 Tex. Cr. R. 128, 54 S. W. (2d) 96; Coy v. State, 131 Tex. Cr. R. 489, 100 S. W. (2d) 1016.

The testimony of the accomplice does not bring the instant case within the rule last stated, for appellant, according to his testimony, paid him for the cattle upon delivery.

The conclusion is reached that the facts warrant appellant's conviction for receiving and concealing the stolen property.

Appellant's motion for rehearing is overruled.

Opinion approved by the Court.