RODGIE BERTRAND HUGHES V. STATE.

No. 24078. June 9, 1948.
Appellant's Moton for Rehearing Denied October 13, 1948.

Hon. Owen M. Lord, Judge Presiding.

*D. H. O'Fiel,* of Beaumont, for appellant.

*Jep S. Fuller,* County·Attorney, and *Ramie H. Griffin,* Assistant County Attorney, both of Beaumont, and *Ernest S. Goens,* State's Attorney, of Austin, for the State.

KRUEGER, Judge.

The offense is murder. The punishment assessed is confinement in the state penitentiary for a term of twenty-five years.

Appellant, Eddie Valmore, Arnold Herbert Lockley, Toby Junior Duhon and Wesley Fregia were jointly indicted and charged with the murder of E. L. Manning. A severance was applied for which was granted and appellant was placed on trial alone.

Appellant filed two separate and distinct motions to quash the indictment. In his first motion, he charged that he was a negro; that the jury commissioners who selected the grand jury deliberately and designedly refused to select any negro as a grand juror although there were many negroes residing in Jefferson County who were citizens of the State and qualified to serve as grand jurors, etc. No evidence in support thereof was introduced. The motion was but a pleading and was not evidence in support of the allegations therein. However, the trial court did not certify over his signature that any exception was taken by appellant to the action of the court in overruling the motion. The only notation on the motion of an exception appears over the signature of appellant's attorney. We overrule this contention. His second motion is based on what he terms duplicity. The indictment, omitting the formal parts thereof, reads as follows: "that Rodgie Bertrand Hughes, Eddie Valmore, Arnold Herbert Lockley, Toby Junior Duhon and Wesley Fregia, on or about the 27th day of August, 1947, and anterior to the presentment of this indictment, in the County of Jefferson and State of Texas, did then and there unlawfully, voluntarily, and with malice aforethought, kill E. L. Manning, by then and there cutting and stabbing the said E. L. Manning, with a knife, and by cutting and stabbing the said E. L. Manning with some sharp instrument to the grand jurors unknown, and in some way or manner, and by some means, instruments and weapons to the grand jurors unknown, against the peace and dignity of the State." We do not regard the indictment as duplicitous for the following reasons: first, because it charges but one transaction by more than one person, and second, it charges but one offense, to-wit: murder—it does not charge different

phases of the offense. It charges in the same count several means of accomplishing the offense of murder. This does not constitute duplicity. There were five men engaged in committing the alleged offense, some of them may have cut and stabbed him with a knife, some with some sharp instrument and some of the men may have employed other means of causing the death of the deceased, however, all apparently being of the same or similar nature and producing the same effect. In support of the opinion here expressed, we refer to the case of Burt v. State, 38 Tex. Cr. R. 397 (40 S. W. 1000). The court, in his charge to the jury, submitted the case to the jury on the theory of cutting and stabbing the deceased with a knife.

Appellant next contends that the evidence is not sufficient to sustain his conviction. We cannot agree with this contention. The record reflects that on the night of August 26th, 1947, appellant, acting with his co-defendants named in the indictment, killed E. L. Manning by cutting and stabbing him.

Ira Lee Johnson and Voories Ardoin, who were in the immediate vicinity of where the offense was committed, observed one white man running to a Coca-Cola signboard which had a light burning and they saw five or six negroes following him; that while they were chasing the white man, they heard some one say, don't let him get away; that when the white man reached the signboard, they crowded around him. The next morning the deceased, E. L. Manning, was found dead near the signboard with many cuts and stab wounds on his body. When appellant was arrested and taken to jail, he made a written confession in which he admitted his connection with the offense. However, he had theretofore, on the same night, told two boys that he had just killed a man. Eddie Valmore also made a confession as a result of which the officers recovered the billfold belonging to the deceased. The facts, as disclosed by the record, indicate that robbery was the motive for the killing. It also appears from the record that appellant was alone when he first met Manning and Moye, who, he said, were looking for women; that he led them up and down various streets ostensibly looking for women and finally led them to where his confederates were laying in wait for the victim. In our opinion, the evidence is ample to sustain his conviction.

Appellant addressed a number of objections to the court's charge. His first objection thereto is that the court erred in declining to peremptorily instruct the jury to disregard his confession on the ground that it was not made voluntarily; that

he was not warned that he did not have to make any statement and that any statement made by him might be used in evidence against him and not for him concerning the offense to which it relates. The confession embraces the statutory warning which the officer to whom it was made said was given. The careful trial judge submitted the issue to the jury which was proper under the facts of the case.

His second objection to the court's charge is to the effect that the court merely submitted to the jury an abstract statement of the law and did not make a proper application of the facts; in this, that the court failed to instruct the jury that unless they believed the facts adduced by the state beyond a reasonable doubt or if they had a reasonable doubt thereof to acquit him. We find that the court, in his charge, did instruct the jury that if they believed from the evidence beyond a reasonable doubt that Rodgie Hughes on on about the 27th day of August, 1947, in the County of Jefferson and State of Texas, with malice aforethought, did voluntarily kill E. L. Manning by then and there cutting and stabbing the said E. L. Manning with a knife as alleged in the indictment, you will find him guilty of murder and assess his punishment at death or confinement in the penitentiary for life or any term of years not less than two. But, if you have a reasonable doubt whether defendant acted with malice aforethought, you must give him the benefit of such doubt, and in such case, you cannot assess his punishment at a term exceeding five years in the penitentiary. Then, in his charge on murder without malice, the court required the jury to find from the evidence beyond a reasonable doubt, etc. He also instructed the jury that the defendant is presumed to be innocent until his guilt is established by legal evidence beyond a reasonable doubt and in case they had a reasonable doubt of his guilt, to acquit him. We think that the court fully protected him in his legal right and gave him the full benefit of the law.

Appellant's third and fourth objections are clearly without merit and we see no need for a discussion thereof.

Appellant also objected to the court's charge on the ground that the court failed to charge on self-defense. We have examined the court's charge and find that in the paragragh preceding the last two paragraphs the court did charge the law of self-defense as applicable to the facts.

Appellant's seventh objection to the court's charge is too

indefinite and does not specifically point out the error he now urges in his brief. Art. 658, C. C. P. requires that the objection specifically point out the claimed error. This statute was enacted so as to give the trial court an opportunity to correct the supposed error.

His next complaint relates to the court's action in declining to give his special requested charges. His first special requested charge was an instruction to the jury to acquit him. The court was eminently correct in declining to give such an instruction. His second special requested charge singled out certain facts and assumed that they were true. To have given this charge would have been an instruction on the weight of the evidence. The third and fourth special requested charges were properly refused by the court.

By Bill of Exception No. 1 he complains of the court's action in declining to permit defense counsel on cross examination of Moye to ask the witness if the deceased had not threatened to kill appellant and whether or not the deceased said he had been in the penitentiary and did not mind going back. The witness said that he did not remember it, if it occurred. The court qualified this bill by stating that at the time of this occurrence there had not been any evidence that the deceased had been in the penitentiary, nor that the deceased had threatened appellant; that subsequently, during the trial, the defendant was permitted to fully testify about the purported threats to him by deceased. The bill, as qualified by the court, fails to reflect any error.

By Bill of Exception No. 2 he complains of certain remarks, by the district attorney during his argument to the jury, to-wit: "that the defendant's purpose and intent in killing the deceased was robbery, and not only did the defendant kill but he robbed; that the defendant went out there for one purpose and that was to rob him, (meaning the deceased)." We think that this argument was a reasonable deduction from the evidence since the billfold belonging to the deceased was recovered as a result of the information given by Eddie Valmore, one of the co-defendants and a participant in the commission of the offense.

No reversible error appearing in the record, the judgment of the trial court is affirmed.

Opinion approved by the Court.

DAVIDSON, Judge.

ON APPELLANT'S MOTION FOR REHEARING.

Appellant insists that we should have considered his motion to quash the indictment alleging race discrimination in the organization of the grand jury, even though no exception was taken to the action of the trial court in refusing the motion.

In Vines v. State, 67 Tex. Cr. R. 355, 148 S. W. 727, we said:

"All those questions raised in the motion for new trial, about there being no negroes on the jury panel, not being served with a copy of the special venire, etc., not being presented in a bill of exceptions, and there being no evidence in the record in regard to such matters, present no error."

Such rule is applicable and controlling here, and precludes consideration of the action of the court in refusing the motion to quash.

We remain convinced that the case was correctly disposed of originally, and the motion for rehearing is overruled.

Opinion approved by the Court.