CHARLES E. KLIESING V. STATE

No. 29,242. November 13, 1957.
Appellant's Motion for Rehearing Overruled January 15, 1958.
Appellant's Second Motion for Rehearing Overruled (Without Written Opinion) February 19, 1958.

M. *Gabriel Nahas, Jr., Sam W. Davis,* and *Ernest S. Fellbaum,* all of Houston, for appellant.

Dan *Walton,* District Attorney, *Lee P. Ward, Jr.,* and *Thomas D. White,* Assistants District Attorney, Houston, and *Leon Douglas,* State's Attorney, Austin, for the state.

MORRISON, Presiding Judge.

The offense is receiving and concealing stolen property; the punishment, two years.

The statement of facts in this case consists of some five hundred pages, but since the appellant raises only two points on appeal, only the evidence which relates to those two points will be set forth.

Appellant contends that if the evidence as a matter of law shows him guilty of any offense it is theft and not receiving and concealing stolen property. He further contends that the court erred in failing to submit to the jury a fact issue as to his guilt of theft rather than receiving and concealing.

As pertinent to the above issue, we find the following:

1. Testimony of the confessed thief Boynton which shows a conspiracy with the appellant and others to steal certain oil field tools and deliver to the appellant for disposition. About this part of the testimony, no question arises, and the facts will not be enumerated other than to observe that we find them sufficient to support the verdict. When we come to the pivotal point as to when payment was to be made, the witness Boynton testified as follows:

"Q. Did Kliesing *(the appellant)* tell you all how much he would pay you to get this stuff out of there? A. Yes sir.

"Q. How much did he tell you he would pay you there ahead of time? A. *He said that he would give us two hundred dollars when we brought it to his house.*"

He further testified:

"Q. Did you have any conversation with him *(the appellant)* the next morning? A. Yes sir.

"Q. What was that conversation? A. He told us that we got the wrong things.

"Q. Did he keep the tools that you had brought him? A. Yes sir.

"Q. Did you thereafter get any money from Kirkpatrick *(a common co-conspirator)*, or this defendant, on any of those tools? A. Well, I met Kirkpatrick after that and he said that Kliesing *(the appellant)* gave him fifteen dollars for the tools and he gave me two dollars of it."

2. Appellant's confession does not relate any prior arrangement as to how the stolen property was to be paid for, but it does recite that when his co-conspirators delivered the stolen property to him, "I told them to just leave them lay there that if I could sell them alright and if I couldn't alright." It also recites, "I also paid Kirkpatrick $25.00 for the tools," but does not state when said payment was made.

3. Appellant testified that the agreement with his co-conspirators was that they were to steal the tools, bring them to him, and that they would split the money after he sold the same.

The appellant relies, among other cases, upon Johnson v. State, 151 Texas Cr. Rep. 192, 206 S.W. 2d 605, and cases there cited, and Evans v. State, 152 Texas Cr. Rep. 58, 211 S.W. 2d 207, in which we said:

"The distinguishing feature in determining when one is a principal to the crime of theft rather than of receiving and concealing the stolen property lies in whether or not the conspiracy ended with the delivery of the stolen property. If so, the receiver and concealer of the stolen property was not a principal to the theft. On the other hand, if there remained some act to be performed by the receiver of the stolen property in furtherance of th conspiracy or common design, *such as a sale of the stolen property and a division of the proceeds of the sale,* then the receiver is so connected with the theft as to constitute him a principal. McInnis v. State, 122 Texas Cr. Rep. 128, 54 S.W. 2d 96; Coy v. State, 131 Texas Cr. Rep. 489, 100 S.W. 2d 1016."

If the agreement was, as Boynton testified, that the co-con-

spirators were to be paid upon delivery, then the offense is receiving and concealing stolen property. Any subsequent development will not change the legal status of a receiver into that of a thief. If the appellant failed to·live up to his agreement with Boynton and his other co-conspirators, refused to pay upon delivery, and excused himself by saying that they had stolen the wrong tools, such failure would not render him a principal to the theft nor would it alter his status as a receiver.

We need not pass upon the question as to the court's charge for the following reason. No formal bill of exception appears in the record. Appellant relies upon the overruling of his request for a special charge. We find no exception to such action of the court over the judge's signature.

In Linder v. State, 94 Texas Cr. Rep. 316, 250 S.W. 703, 704, we said:

"If the special charges bore notation over the trial judge's signature that they were presented to him before the main charge was read, were refused, and to which refusal exception was reserved, we think it would be a sufficient bill to meet the requirements of the law, and would obviate the necessity of a more formal bill of exception; but, in the absence of such showing on the charge itself, a .formal bill would be necessary; in absence of both, the matter is not before us for review."

In Kerr v. State 128 Texas Cr. Rep. 612, 82 S.W. 2d 670, we find the following:

"* * * It has been the uniform holding of this court that a notation of such exception, signed only by the attorney for the accused, will not be accepted by this court as a certificate that such exception was in fact taken. That the refusal of the special charge, and also that such refusal was excepted to, must be certified to by the trial judge, or approved over his signature upon such requested charge, or by separate bill of exceptions duly approved."

Finding no reversible error, the judgment of the trial court is affirmed.

ON APPELLANT'S MOTION FOR REHEARING

BELCHER, Judge.

Appellant re-urges his contention that the evidence is insuffi-

cient to sustain his conviction of receiving and concealing stolen property. He insists that the evidence shows that he acted as a principal in the theft of the oil field tools instead of a receiver.

A re-examination of the record shows that the evidence was sufficient to warrant the jury's conclusion that the appellant was guilty of receiving and concealing stolen property.

Error is again urged because the court refused to give his requested charge. In the absence of an exception to the action of the court in refusing to give such charges nothing is presented for review. Moore v. State, 163 Texas Cr. Rep. 652, 296 S.W. 2d 258; Ritchie v. State, 164 Texas Cr. Rep. 38, 296 S.W. 2d 551.

Appellant's motion for rehearing is overruled.

Opinion approved by the Court.