DOUGLAS W. SMITH V. STATE

No. 34,165.   February 14, 1962

No attorney for appellant of record on appeal.

*Frank Briscoe,* District Attorney, *Samuel H. Robertson, Jr., Theodore P. Busch,* Assistants District Attorney, Houston, and *Leon Douglas,* State's Attorney, Austin, for the state.

WOODLEY, Presiding Judge.

The offense is felony theft; the punishment, enhanced by two prior convictions for felonies less than capital, life.

The state's evidence shows that an automobile of the value of $250, belonging to E. C. Rust, was parked in front of his place of business in Harris County between 7 and 9:30 o'clock P.M. Mr. Rust discovered that it was missing and notified the police.

Officer Means, of the Pasadena Police Department, received a description of the automobile and, some 30 minutes later, found it parked in Pasadena.

Upon investigation, Officer Means found the appellant lying down in the seat on the passenger side of the car and one Shaver seated on the driver's side. Both appellant and Shaver were wear-

ing coveralls and gloves. A loaded pistol was found on the floor on the passenger side and appellant had a switch blade knife with a blade 4 inches long on his person. The ignition switch on the automobile had been wired around, making it unnecessary to use a key.

Mr. Rust testified that the key was not in the automobile and that he did not give anyone his consent to take the car.

The prior convictions were proved by the prison records and comparison of fingerprints in the manner which has been held sufficient, and the allegation that the second prior conviction was for an offense committed after the first conviction had become final was proved by testimony showing the date of the said offense.

Appellant offered no evidence and no brief has been filed in his behalf.

The evidence is found sufficient to sustain the conviction. Alexander v. State, 340 S.W. 2d 493.

The indictment appears to be sufficient and the trial court did not err in overruling appellant's motion to quash.

The court's ruling on appellant's objections to the charge is not before us for review, exception above the judge's signature being required. Kliesing v. State, 165 Texas Cr. Rep. 585, 309 S.W. 2d 445. We have examined the charge, however, in light of the objections and find no error which, had exception been properly reserved, would warrant reversal.

The judgment is affirmed.