**L. D. Frankie SUPAK, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 37287.**

Court of Criminal Appeals of Texas.

Jan. 27, 1965.

Rehearing Denied March 10, 1965.

Second Motion for Rehearing Denied April 21, 1965.

Eugene A. Smith, Joe J. Newman, Houston, for appellant.

Frank Briscoe, Dist. Atty., Houston, Carl E. F. Dally, C. A. Davis and Theodore P. Busch, Asst. Dist. Attys., Houston, and Leon B. Douglas, State's Atty., Austin, for the State.

WOODLEY, Judge.

· The offense is drunk driving; the punishment, 7 days in jail and a fine of $50.

In our original opinion we sustained the appellant's contention that the trial court erred in overruling his plea of former jeopardy without having passed upon the state's contention that such claim of error was not properly before this Court.

The transcript contains what is designated as "Defendant's Motion to Dismiss Cause," in which the facts were alleged relating to former jeopardy based upon a previous trial which terminated in the discharge of the jury before verdict, over objection of the appellant.

This motion bears the endorsement "Motion overruled—April 2, 1964    Wallace Moore, Judge    To which Defendant excepts."

▆ The state correctly contends that the exception shown on the instrument below the signature of the trial judge is insufficient as an exception. Smith v. State, 172 Tex.Cr.R. 78, 353 S.W.2d 854; Kliesing v. State, 165 Tex.Cr.R. 585, 309 S.W.2d 445; and Hughes v. State, 152 Tex.Cr.R. 297, 213 S.W.2d 820.

The statement of facts contains certain stipulations and testimony "on motion to quash" which evidence was heard by the court prior to any announcement by the defendant in the case. The stipulations and evidence relate to the prior trial which terminated in a mistrial.

▆ In view of Section 6 of Art. 759a, Vernon's Ann.C.C.P., which requires that "the facts adduced in connection with any Motion shall be filed with the clerk separately from the facts adduced bearing upon the guilt or innocence of the defendant," this Court is not authorized to consider the stipulations and testimony adduced in support of the motion which the court overruled. Crawford v. State, 165 Tex.Cr.R. 147, 305 S.W.2d 362; Hampton v. State, 157 Tex.Cr.R. 244, 248 S.W.2d 488; Pierce v. State, 159 Tex.Cr.R. 504, 265 S.W.2d 601; Selvidge v. State, 171 Tex.Cr.R. 140, 345 S.W.2d 523.

Attention is also directed by the state to the fact that Art. 760e, V.A.C.C.P. does not authorize the consideration of informal bills of exception relating to the overruling of a plea of former jeopardy.

The claim of former jeopardy is not before us.

The evidence shows that appellant was operating his automobile upon a public street when it collided with the rear of an automobile driven by Raymond Taylor. Officers and other witnesses who observed him testified that he was intoxicated at the time and the state offered evidence to the effect that a blood sample taken from him was analyzed and found to contain .11 percent blood-alcohol concentration, which the chemist-toxicologist testified indicated intoxication.

Witnesses for the defense testified that appellant was not intoxicated.

■ The jury resolved the issue against appellant and there is sufficient evidence to sustain their verdict.

Our prior opinion is withdrawn.

The state's motion for rehearing is granted; the order reversing the conviction and directing that the prosecution be dismissed is set aside, and the judgment is affirmed.

## ON APPELLANT'S MOTION FOR REHEARING

MORRISON, Judge.

On rehearing appellant relies upon Henry v. State of Mississippi, '85 S.Ct. 564, 13 L.Ed.2d 408 (1965). We have concluded, however, that Bartkus v. People of State of Illinois, 359 U.S. 121, 79 S.Ct. 676, 3 L.Ed. 2d 684; Abbate v. United States, 359 U.S. 187, 79 S.Ct. 666, 3 L.Ed.2d 729, and Hamilton v. State, 115 Tex.Cr.R. 243, 29 S.W. 2d 393, are here controlling.

Appellant's motion for rehearing is overruled.